CASE 56.—ACTION BY LUCY BETTY AND HER GUARDIAN, R. M. JACKSON AGAINST LUCIE PETRIE AND ANOTHER.—May 13, 1910.

## Betty, &c. v. Petrie, &c.

Appeal from Laurel Circuit Court.

WILLIAM LEWIS, Circuit Judge.

Judgment for defendants,   plaintiffs appeal.—Affirmed.

1.   Wills—Probate of   Will—Record—Conclusiveness.—A   will was produced to the county court at May term by the person named as executor, but who declined to qualify.   There was no order showing what steps had been taken to prove the authenticity or execution of the will, but an order was entered at July term showing what steps were taken at May term in proving execution, and a'so the disposition of the will, and ordering it recorded as the last will of testatrix. An order was entered at June term continuing the will until July term.   Held that, though the record was incomplete, what was presented, in the absence of any proof of objection at the time of the probate of the will, was conclusive of the fact that it was duly admitted to probate.

2.  Evidence—Proof of Probate of Will—Best Evidence.—The fact that a will has been probated cannot be established by oral evidence, since the best and only competent evidence of that fact is the record itself.

3.  Wills—Proof of Probate—Evidence.—Under Ky. St. section 4852, providing that no will shall be received in evidence until it has been allowed and admitted to record by the county court, and its probate before such court shall be conclusive, except as to jurisdiction of the court, until the same is superseded or annulled, where the evidence was sufficient to establish the probate of a will, the will itself must be accepted as evidence in determining the question of title, in an action by the devisee of land to recover possession.

4.  Executors and Administrators—Order Appointing Administrator—Administrator with Will Annexed—Execution of Provisions of Will.—Though an order of the county court appointing an administrator and showing his qualification did not contain the words "with the will annexed," where his bond contained those words and showed that it was given by him as administrator with the will annexed, such was the legal effect of his appointment, and, even if it had not been expressed in the bond where the will was in existence and had been duly probated, the estate devised had to be administered according to the will, and not as in a case of intestacy.

5.  Executors and Administrators—Sale Under Power in Will—Construction—Rents.—Where a will directed a sale of all the real and personal estate of testatrix by the administrator for the benefit of a devisee, a further provision directing the interest and rents of the property to be used for the maintenance and education of the devisee did not abrogate the direction to the administrator to sell, since by the word "rents" the testatrix meant that, so long as the real estate remained unsold, the income arising therefrom, as well as the interest from the proceeds of the personal estate, should be applied to the support and education of the devisee.

6.  Wills—Accrual of Right to Legacy—Construction—"Principal."—Where a will provided "that none of the principal shall be used unless it shall be absolutely necessary" until the devisee becomes 21 years of age, when it shall be paid or turned over to her, by the word "principal" was meant the total proceeds of both the real and personal property.

7.  Executors and Administrators—Sale of Real Property—Judgment Directing—Necessity.—Where a will directed the administrator to sell all the real and personal estate of tes-

tatrix for the benefit of a devisee, a judgment directing the sale of the land was unnecessary, as it directed the administrator to do what he was authorized to accomplish, and, under the will, he might also have conveyed the land by deed after selling it, but he could also convey it through a commissioner of the court's appointment; hence a deed made by the latter passed a good title.

8.    Infants—Service of Summons—Sufficiency.—Under Civ. Code Prac. section 52, providing that, if defendant be under 14 years old, the summons must be served on the father, or, if he has no father, on his guardian, or, if he have no guardian, on his mother, or, if he have no mother, on the person having charge of him, where a defendant was under 14 years old and she had no guardian, and lived with her mother, and it was not claimed or proved that her father was then living, and the summons was executed by the sheriff by delivery of a copy to the mother, the service was properly made.

H. C. CLAY for appellants.

HAZELWOOD & JOHNSON for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Lucy Betty, an infant, claiming to be the owner and entitled to the possession of a 3½ acre tract of land in Laurel county, together with R. M. Jackson, her  statutory guardian, brought this action in the court below to recover it from the appellees Lucie Petrie and Sarah Craft, who were alleged to be wrongfully in the possession thereof under a false claim of title.    Appellants also sought to recover of appellees $300 damages for being deprived of the possession and use of the land by appellees' alleged detention thereof.    Appellees by answer denied that the appellant owned the land or had ever done so, or that she or her guardian were entitled to to the possession thereof.    It was alleged in the

answer that the appellee Lucie Petrie was the owner of the land by purchase from the appellee Sarah Craft, but that by mistake the latter by deed conveyed it to her husband, John Petrie, instead of to her, although she had paid for the land, and by that means John Petrie became and is the holder of the legal title. It was also averred in the answer that the land was originally owned by one Ruth Hardin, a resident of Laurel county, who died in that county testate, and that her will was duly admitted to probate by the Laurel county court. The will was in these words:

"This is the last will and testament of Ruth Hardin. First, I desire that all my debts and funeral expenses be paid; the remainder of my real estate and personal property of all kinds I desire to be sold and the proceeds used for the benefit and use of Lucy Brown, a child of Julia Brown. To carry out these instructions, I desire that R. M. Jackson be appointed my administrator and guardian for the said child. I desire that the interest and rents of said property shall be used for the maintenance and education of the child and that none of the principal shall be used unless it shall be absolutely necessary, and at the age of twenty-one all of said property remaining shall be turned over to the said child. April 17th, 1899.

her<br>
"RUTH X HARDIN.<br>
mark

"Witness:
"R. T. RAMSEY,
"ANNA COFFEE,
"CARILINA TINSLEY."

The answer contained the further averments that R. M. Jackson, appointed executor by the will and testamentary guardian of the infant devisee, Lucy

Brown, declined the appointments, and refused to qualify in either capacity, whereupon, at the second term of the county court following the probate of the will, P. F. Stallings was by an order of that court, appointed administrator with the will annexed of the testatrix's estate, and he at once executed with a sufficient surety the required bond and duly qualified as such; that as such administrator he caused the personal property of the testatrix to be appraised, and from the proceeds of its sale, thereafter made at public auction, paid her debts; that, after thus disposing of the personal property belonging to the estate of the testatrix, the administrator with the will annexed brought suit in the Laurel circuit court to obtain a construction of the will and the advice of the court as to whether he should sell the real estate left by the testatrix, in which action the infant, Lucy Brown, now Lucy Betty, appellant herein, was made a party defendant and served with summons, and, she being then an infant without a statutory guardian, the court appointed a guardian ad litem to make for her such defense as her rights and interests under the will required; that, after the guardian ad litem filed his report, judgment was entered declaring that the administrator with the will annexed was empowered by that instrument to sell the real estate, and directing him to do so and invest and preserve the proceeds, together with such of the proceeds of the personal estate as remained after paying the debts of the testatrix, for the benefit of the infant devisee, Lucy Brown, as required by the will; that, pursuant to the directions of the will and judgment, the administrator with the will annexed sold the land in question at public auction after due advertisement, at which sale James Sparks, the highest and best bidder, became

the purchaser thereof; that thereafter the sale was reported to and confirmed by the court, and, following the payment by Sparks of the purchase money, the master commissioner of the court, by its order, executed and delivered to him a deed conveying to him the land; that Sparks thereafter sold the land to one House, who later sold it to appellee Sarah Craft, by whom it was sold to the appellee Lucy Petrie; that Sparks did not execute a deed to House, but, after the sale of the land by House to Sarah Craft, he and his wife, and Sparks and his wife, by a joint deed conveyed it to her, and she, after the sale of the land to appellee Lucy Petrie, for some reason unexplained, conveyed it by deed to the latter's husband. Appellants by reply controverted all affirmative matter of the answer, and, after the taking of proof and submission of the cause, judgment was rendered by the circuit court dismissing the action at appellant's costs. The latter complain of the judgment and by this appeal seek its reversal. Numerous grounds are urged for a reversal, and these grounds we shall now endeavor to consider.

One is that it was not made to appear that the will of Ruth Hardin was admitted to probate. This contention is without force. It appears from the record, and is conceded, that the testatrix died in April, 1899, and that her will, which was made April 17, 1899, and only a few days before her death, was at the regular May term, 1899, of the Laurel county court produced to the court by R. M. Jackson, the person named therein as executor, but who declined to qualify. While no order of the county court of the May term showing what steps were taken to prove the authenticity or execution of the instrument was produced, the record furnishes an order of the court entered at

its regular term in the month of July, 1899, the re-
citals of which show what steps were taken at the
previous May term in the matter of then proving its
due execution and also the disposition made of the will
at the July term. The order reads as follows: "The
will of Ruth Hardin was filed in open court at its May
term, 1899, and properly proven as required by
law, and the same was ordered to lay over thirty days
for exceptions, and, none having been taken, it is now
ordered that said will go to record as the last will and
testament of Ruth Hardin, deceased." In addition
to the above order, we find in the record one entered
at the June term, 1899, of the county court, continu-
ing the will until the next, or July, term. This order
at least demonstrates that the will had been previous-
ly produced and some action taken with reference to
it, and tends to sustain the recital in the order of the
July term that it was filed at the May term, and then
proved as required by law. Moreover, the will was
recorded as directed by the order of the July term.
Obviously the record is incomplete, but what was
presented should, we think, in the absence of any
proof of objection at the time to its probate, be ac-
cepted as conclusive of the fact that it was duly ad-
mitted to probate. The appellant Jackson, who quali-
fied as guardian to institute this action, after refusing
to so act by appointment of the will, testified by depo-
sition that as custodian of the will he filed it in the
Laurel county court at the May term, 1899, and that
its due execution by the testatrix was then established
by his testimony and that of R. T. Ramsey, one of the
attesting witnesses. We do not mean to say that the
fact whether a will has been probated can be estab-
lished by the oral testimony of witnesses for the best
and only competent evidence of that fact is the record

itself, but we refer to Jackson's testimony because it is a concession from a party to the appeal which supports our conclusion that the probate of the will was sufficiently established by the records of the county court introduced as evidence.

If the evidence was, as we have held, sufficient to establish the probate of the will, the will itself must be accepted as evidence in determining the question of title involved in this case; for section 4852, Ky. St., provides: "No will shall be received in evidence until it has been allowed and admitted to record by the county court; and its probate before such court shall be conclusive, except as to the jurisdiction of the court, until the same is superseded or annulled." But after all we do not think appellants are in a position to object to the will or the proof of its probate; for the reason that their claim of title to the land in controversy is made under and by virtue of the will. It is not contended that the appellant Lucy Betty is an heir at law of Ruth Hardin, so, if the will were declared invalid, there would certainly be no ground upon which to rest her claim. In view of this fact, it it singular that she should attack the will. The petition sets out the execution of the will, and alleges that it was duly admitted to probate, and rests the appellant Betty's claim to the land upon it, but in the reply it is denied that the will was ever admitted to probate. The two pleadings are not only inconsistent, but so contradictory that it would be but fair to hold appellant to the averments of the petition, upon the theory that the denials of the reply as to the will should not be considered without a withdrawal of the contradictory averments of the petition. However, further discussion of the pleadings is unnecessary in

view of our ruling that the probate of the will was sufficiently established by the records of the county court.

It is also contended by appellants that P. F. Stallings was not appointed, and did not qualify, as administrator with the will annexed of Ruth Hardin's estate, but as administrator as in case of no will. This position is wholly untenable. The order of the county court appointing Stallings administrator and showing his qualification does not, it is true, contain the words, "with the will annexed," but the bond executed by him and accepted by the court does contain those words, and shows that it was given by him as administrator with the will annexed, and such was the legal effect of his appointment and qualification, even if it had not been so expressed in the bond. The will was in existence and had been duly probated. This being true, the estate devised had to be administered according to the will, and not as in the case of intestacy.

It is likewise contended by appellants that the sale of the land by the administrator was unauthorized by the will. The will upon its face refutes this claim, for it expressly directs a sale of all the real and personal estate of the testatrix by the person designated therein as "administrator," that its proceeds may be used for the benefit of Lucy Brown, then and yet an infant, whose name by her marriage has been changed to Lucy Betty. The further provision directing that the interest and rents of the property be used for the maintenance and education of the devisee does not abrogate the direction to the administrator to sell it. By the use of the word "rents" the testatrix merely meant that, so long as the real estate remained unsold, the income arising therefrom, as well as any in-

terest that might accrue from the proceeds of the personal estate left after the payment of the testatrix's debts, should be applied to the support and education of the devisee. That this is the meaning of the will is shown by the further words "that none of the principal shall be used unless it shall be absolutely necessary" until the devisee becomes 21 years of age, when it shall be paid or turned over to her. By the word "principal" is meant the total proceeds of both the real and personal property devised.

It is also insisted for appellants that the judgment of the circuit court construing the will and authorizing the sale of the land by the administrator was and is void as well as the order of the court confirming the sale and directing a conveyance of the land to the purchaser by the commissioner, and that the deed from the latter passed no title to the purchaser. This contention is manifestly untenable. The judgment was unnecessary, as it merely directed the administrator to do what he was authorized by the will to accomplish, and, under that instrument, he might also have conveyed the land by deed after selling it, but he could also convey it through a commissioner of the court's appointment, and therefore the deed made by the latter passed a good title to the purchaser.

We find no reason for sustaining appellant's further complaint that Lucy Betty was not legally summoned in the action brought by the administrator. It appears from the record and is admitted by her that she was an infant 10 years of age when the testatrix died, and, as the action by the administrator was brought the year after the latter's death, the infant could not then have been more than 11 years of age, certainly not over 14. It is further admitted that she had at that time no statutory guardian, and that she

lived with her mother, and it is not claimed or proved that her father was then living. As it appears from the record and is admitted that the summons against the infant was executed by the sheriff by the delivery of a copy thereof to the mother, the service was properly made as required by section 52, Civ. Code Prac. In other words, the judgment and proceedings in the action referred to were not void, or even in any sense irregular.

The question whether the appellee Lucy Petrie or her husband should have received a deed for the land from Sarah Craft does not concern the appellants. It is manifest that they have not established their claim to the land, and if, as asserted in the brief of their counsel, the administrator with the will annexed has never accounted to the appellant Lucy Betty, or her guardian, for the proceeds of the property of the testatrix received by him, their remedy lies in a right of action against the administrator with the will annexed and the surety in his bond.

As the judgment rendered by the circuit court was in all respects correct, the same is affirmed.