## Victor Cotton Oil Co. v. City of Louisville.

(Decided June 18, 1912.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Corporations—Formation of New Corporation—When Not Exempt from Taxation for Five Years.—A corporation owning a factory in Louisville ceased operations in March and turned over its property to a liquidating agent; in July five of its stockholders formed a new corporation and procured others to go in with them; in October the new corporation bought the plant of the old corporation, stock in the new corporation being exchanged for stock in the old. Held, That under section 170 of the State Constitution and the city ordinance enacted pursuant to it, the new corporation is not entitled to exemption from taxation for five years.

2. Overruled Cases.—The case of Mengel Box Co. v. City of Louisville is overruled.

E. R. ATKISSON, HUMPHREY & HUMPHREY for appellant.

JOSEPH S. LAWTON, CLAYTON B. BLAKEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Some years ago, the Globe Refining Company operated a factory in Louisville. It was not successful and transferred the property to the Globe Refinery Company, which operated it until March, 1904, when it ceased operations and turned over its property to the Fidelity Trust Company as liquidating agent. The Fidelity Trust Company placed a watchman in charge of the factory, and made different efforts to sell the property which were unsuccessful. In July, 1904, five stockholders of the Globe Refinery Company incorporated the Victor Cotton Oil Company, with the view of purchasing the factory of the Globe Refinery Company. They began negotiations with the Fidelity Trust Company looking

to the purchase of the property, and also with the city authorities to learn whether the new company would be exempt from taxation for five years, if it made the purchase. Some persons who were not interested in the Globe Refinery Company were induced to take stock in the Victor Cotton Oil Company, and finally on October 4, 1904, that company bought the factory and plant of the Globe Refinery Company. It began operations the following December, and has operated the plant since that time. Its property was not assessed by the city of Louisville until the year 1910, when a dispute arising as to whether the five years had expired for which exemption was claimed, the city authorities looked into the matter and assessed the company retrospectively for five years for city taxes. Thereupon this suit was brought by the company to enjoin the collection of the taxes. The chancellor dismissed the petition, and the company appeals.

Section 170 of the Constitution provides:

"The General Assembly may authorize any incorated city or town to exempt manufacturing establishments from municipal taxation, for a period not exceeding five years, as an inducement to their location."

Pursuant to this provision of the Constitution, the Legislature enacted the following in the laws governing cities of the first class: (Ky. St., Sec. 2980a.)

"That the general council shall have power by ordinance to exempt from municipal taxation, for a period not exceeding five years, manufacturing establishments, as an inducement to their location within the city limits."

The general council of the city of Louisville, pursuant to the statute, enacted an ordinance, which so far as material, is as follows:

"Whereas, the city of Louisville has the power under the law to exempt from municipal taxation, for a period of five years as an inducement to location, manufacturing establishments, and,

"Whereas, it is deemed the wisest policy to thus foster the manufacturing interests of the city by exercising this power to induce the location of new manufacturing enterprises in the city, and to induce the owners of others located in the territory sought to be annexed to the city to abandon opposition to annexation, thereby, voluntarily locating their establishments within the city; therefore,

"Be it ordained by the general council of the city of Louisville:

"1. That in order to induce the location of more manufacturing establishments within the city limits, any such establishment, owned and operated by any person, persons, firm or corporation, which shall have been after the passage of the act authorizing this ordinance permanently located and conducted within the limits of the city of Louisville, shall be and the same is hereby exempted for a period of five years after such location and the commencement of the business of manufacturing thereat from all taxation whatever by the city of Louisville, on all property, real or personal, tangible or intangible, owned, employed and used by such person, firm or corporation in conducting business of such manufacturing establishment, and which would otherwise be subject to city taxation."

The factory was located in Louisville by the Globe Refining Company. Both that company and its successor, the Globe Refinery Company, enjoyed immunity from taxation for five years. The Victor Cotton Oil Company, while a distinct organization from the Globe Refinery Company, was organized by five stockholders of the Globe Refinery Company, for the purpose of buying the old plant and operating it. Stock in the old corporation was exchanged for stock in the new corporation, and a considerable amount of new capital was added by means of which the plant was much improved, and a working capital provided. There is no doubt that the Globe Refinery Company had ceased to do business finally, and but for the reorganization of the Victor Cotton Oil Company, the plant would have been dismantled or passed into other hands. While it is true that the plaintiff was a wholly new corporation, and some new capital was invested in it, the old business was simply revived, and it cannot be said that the manufacturing establishment was brought to Louisville by reason of the inducement of immunity from taxation for five years. If an exemption was sustained under such circumstances, as the chancellor well said, less scrupulous men would avail themselves of immunity from taxation indefinitely, by shutting down at the end of every five years and reorganizing in the name of a new corporation. We do not see that this case can be distinguished from Continental Tobacco Co. v. City of Louisville, 128 Ky., 173;

Jones Bros., &c. v. City of Louisville, 142 Ky., 759, and L. & N. R. Co. v. City of Louisville, 143 Ky., 258. It is insisted, however, that the facts here shown bring the case directly within the doctrine laid down in Mengel Box Co. v. City of Louisville, 117 Ky., 735. This seems to be true, but that case is out of line with the subsequent cases, and with what seems to us the proper construction of the Constitution and the Statute. The Constitution authorizes the city to exempt manufacturing establishments from municipal taxation, for a period of not exceeding five years, as an inducement to their location. The statute follows the language of the Constitution, except that it substitutes for the word "location," the words "location within the city limits." The ordinance provides that it is deemed the wisest policy to foster the manufacturing interests of the city by exercising the power to induce the location of new manufacturing enterprises in the city, and the exemption is allowed for five years after such location and the commencement of business thereat. The plain purpose of the ordinance, as well as the constitutional provision, is to induce the location of new manufacturing enterprises in the city. It was not contemplated by either the Constitution, the Statute, or the ordinance that manufacturing establishments, already established in the city, shall be exempt from taxation for five years, when they change hands. The ordinance contemplates the exemption of new manufacturing enterprises, and the immunity from taxation is allowed to induce their location in the city. It does not include manufacturing establishments already in the city, although for any reason not in operation. Exemptions from taxation are strictly construed. They are never construed as including things, not fairly within the meaning of the words read as they are written. The case of Mengel Box Co. v. City of Louisville is overruled.

Judgment affirmed.