## City of Newport v. Board of Education, City of Newport.

(Decided June 3, 1914.)

### Appeal from Campbell Circuit Court.

1. Schools and School Districts—Cities of Second Class—Tax Levy —Section 26, Chapter 137, Acts, 1912.—The school tax limit of 40 cents on the $100 worth of taxable property in cities of the second class, prescribed by Section 26, Chapter 137, Acts, 1912, does not embrace taxes levied for sinking fund purposes, but applies only to taxes levied for the purpose of defraying the ordinary expenses of operating the schools, and it is the duty of the Board of Commissioners, when requested by the Board of Education, to levy a tax of not exceeding 40 cents on each $100 worth of taxable property for the purpose of meeting current expenses of the schools, and in addition thereto, a tax sufficient to raise the sum requested by the Board for sinking fund purposes.

2. Pleading—Tax Levy—Mandamus—Sufficiency of Petition.—In an action of mandamus to require the Board of Commissioners of a city of the second class to levy a tax for sinking fund purposes, it is not necessary for the petition to state facts showing that the outstanding bonds are valid; if the bonds are invalid, and the expenditure therefore unauthorized, this is a matter of defense.

OTTO WOLFF and L. J. DISKIN for appellants.

FRANK V. BENTON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The principal question presented on this appeal is whether or not the school tax limit of 40 cents on each $100 worth of taxable property for maintenance purposes, prescribed by section 26 of chapter 137, Acts of 1912, being a part of the charter of cities of the second class, includes taxes levied for sinking fund purposes, or applies only to taxes levied to meet the ordinary expenses of operating the schools.

The question arises in the following way: The city of Newport has adopted the commission form of government. The Board of Education of that city estimated the probable amount of money necessary for maintaining and conducting the public schools for the year 1914 at $109,500. After deducting the probable receipts from other sources, including the board's *pro rata* share of the state fund, there remained the sum of $73,694.65 to be raised by the city of Newport. The board also estimated the amount of money necessary to pay the interest for the year 1914 on its bonded indebtedness, and to create a sinking fund for the payment of its outstanding bonds at maturity, at $9,825. These estimates were duly certified to the Board of Commissioners, with request that a tax sufficient to realize said sums be levied on each $100 worth of property assessed for taxation within the city. The Board of Commissioners made no separate levy for maintenance and sinking fund purposes, but levied a tax of 40 cents on each $100 worth of taxable property for maintenance and sinking fund purposes. A levy of 40 cents, if collected, would raise approximately $64,113.40, which is not only less than the amount asked for maintenance and sinking fund purposes, but considerably less than that asked for maintenance purposes alone. Thereupon the Board of Education brought this action against the city of Newport and its Board of Commissioners for a writ of mandamus, ordering and directing the Board of Commissioners to levy a tax of 40 cents on each $100 worth of taxable property to meet the ordinary expenses of conducting the schools, and in addition thereto, a tax sufficient to raise the sum of $6,852 for sinking fund purposes. Defendant's demurrer to the petition was overruled, and judgment was entered granting the relief prayed for. From that judgment defendants appeal.

The school tax limit is fixed by section 26, chapter 137, Acts of 1912, which is as follows:

"To raise money for the maintenance of the schools the General Council or Board of Commissioners shall annually cause to be levied and collected as the Board of Education may request as hereinafter provided, a tax of not less than thirty cents on each one hundred dollars' worth of property assessed for taxation for city purposes. It shall be the duty of the Board of Education annually to make a careful estimate of the probable amount of money necessary for conducting the schools and the business entrusted to the board during the current fiscal year, and it shall, prior to the first day of December, certify said amount to the General Council or Board of Commissioners with the request that a tax for schools sufficient to realize for said board the amount aforesaid shall be levied on each one hundred dollars' worth of property assessed for taxation for city purposes, and that said levy shall be included in the annual ordinance for said year. If, in any year the amount so certified and requested, shall represent a tax rate as based upon the total assessment of taxable property for said year, greater than forty cents for maintenance purposes, the General Council may fix the levy for schools at forty cents and disregard the excess. If, in any year, the board shall fail to make the certificate and request as aforesaid, the General Council or Board of Commissioners shall make a levy for schools that shall be the same as it was the year before."

A consideration of several provisions of charters of cities of the second class is necessary for the purpose of interpreting section 26, *supra*.

Sections 31 and 42, chapter 137, Acts of 1912, are as follows:

"Sec. 31. All officers of any city of the second class, and of the State, concerned with the assessment and collection of taxes, fines and penalties, shall perform such duties in relation to the levy and collection of school taxes and the collection of such fines and penalties and the payment thereof to said board for school purposes, as are now imposed by the existing laws upon such officers in relation to the levy and collection of school taxes and the collection of fines and penalties payable to the school funds; and nothing in this Act, unless inconsistent therewith, shall be construed as repealing any existing

law providing for the assessment and collection of school taxes in such city; and all powers and duties con-. ferred by existing laws upon any board in relation thereto shall be continued in the board created by this act.''

''Sec. 42. The general school laws of this State and all laws and parts of laws applicable to the general system of public schools in a city of the second class and not inconsistent herewith, shall be in full force and effect in such city.''

Section 28, chapter 137, Acts of 1912, after providing for the issue of bonds, further provides:

''It shall be the duty of the General Council or of the Board of Commissioners, in addition to the levy made. for the maintenance of the schools as hereinbefore provided, to levy annually in its tax levy a rate that will raise a sum that shall be sufficient to pay the interest and create a sinking fund for the payment of the bonds at maturity. The said bonds, principal and interest, shall be a charge upon the sinking fund of said city, and it shall be entitled to have the annual tax that shall be levied as aforesaid.''

Section 29, chapter 137, Acts of 1912, provides:

''For the maintenance of the schools there shall be appropriated the sum or sums which may be received from year to year as the city's portion of the school fund of this Commonwealth.''

Section 8, article 9, chapter 100, Acts of 1894, provides in part as follows:

''Said board shall annually, in the month of January, approximately ascertain the amount of money necessary to be used to defray the expenses of maintaining the schools, improving or constructing of buildings, and so forth, thereof, and any liquidations of the liabilities during the current fiscal year, and report the same, together with the amount to be received from the common school fund of the State of Kentucky (which amount the board shall ascertain by taking the census required by law) to the Auditor, and thereupon the general council shall, at the request of said board, levy and collect such taxes as may be requested, and the money arising from said levy shall, under the direction and control of said board, be used for the benefit of the common schools and for the purpose of paying off the indebtedness of said board: Provided, That said levy shall not in any one year exceed thirty-five cents on each one hundred dollars valu-

ation, as returned by the board of equalization on all taxable property in the city: And provided further, That this act shall not be so construed as to prevent said board from receiving and expending any sum or sums that may come to them by gift, devise or any law of the State.''

Section 8, article 9, chapter 100, Acts of 1894, was amended by section 17, Acts of 1896, by adding after the words ''exceed thirty-five cents on each one hundred dollars valuation,'' and before ''as returned by the Board of Equalization,'' the following: ''And ten cents on each one hundred dollars valuation for sinking fund purposes.''

Section 8 was further amended by an act approved March 20, 1900 (chapter 22, Acts of 1900, page 61) by giving power to the board of Education to borrow money and to issue bonds. This amendment contains the following:

''And provided, That said board of education shall annually request the general council of said city to provide for the collection of a sinking fund tax sufficient to pay the interest on said indebtedness at the time of contracting the same and to create a sinking fund for the payment of the principal thereof within the term for which said bonds are issued, and said general council shall also levy and collect such other school taxes as may be requested by the board of education within the limit fixed by statute.''

The last amendment to section 8 was passed in the year 1906. (Chapter 79, Acts of 1906, page 348). By this amendment boards of education of cities of the second class were authorized to issue bonds to the amount of $150,000.

Section 8 and all the amendments thereto are now found in section 3219, Kentucky Statutes.

Section 17, article 9, Chapter 100, Acts of 1894, page 312 (now section 3228, Kentucky Statutes), provides:

''All indebtedness, bonded or otherwise, and all liabilities and contracts of the school board, existing at the time this takes effect, and all taxes, funds, sinking funds or other resources that have been pledged or set apart for the payment of the principal or the interest thereof, shall continue unimpaired, and remain of the same force and effect as though the same had been authorized and contracted by the express provision of this law, and said board may refund any debt by the issuance of bonds.''

(1) It will be observed that section 8 of the act of 1894 provided for a levy of not to exceed 35 cents for defraying "the expenses of maintaining the schools, improving or constructing of the buildings, and so forth, thereof, and any liquidations of the liabilities during the current fiscal year." In order to remove any doubt on the question whether or not the 35 cent limit included taxes levied for sinking fund purposes, section 8 of the original act was amended by the act of 1896 by adding the words "and ten cents on each one hundred dollars valuation additional for sinking fund purposes," thus making the provision in question read as follows: "Provided, That said levy shall not in any one year exceed thirty-five cents on each one hundred dollars valuation, and ten cents on each one hundred dollars valuation additional for sinking fund purposes as returned by the Board of Equalization on all taxable property in the city." Section 3219, Kentucky Statutes. The foregoing provision was in full force and effect when the Act of 1912 became a law. Prior to the Act of 1900, boards of education of cities of the second class had no authority to issue bonds. By that Act such authority was given, and it was made the duty of the Board of Education annually to request the General Council of the city to provide for the collection of a sinking fund tax sufficient to pay the interest on the bonds, and to create a sinking fund for the payment of the principal thereof within the term for which the bonds were issued. For the purpose of showing that the levy for sinking fund purposes was not to be included within any of the limits theretofore fixed, the act in question contains the following provision: "And said general council shall also levy and collect such other school taxes as may be requested by the board of education within the limit fixed by statute." Section 26, after providing a minimum school tax limit of 30 cents on each $100, and making it the duty of the general council or board of commissioners to levy the taxes requested by the board of education, provides: "If, in any year, the amount so certified and requested, shall represent a tax rate as based upon the total assessment of taxable property for said year, greater than forty cents for maintenance purposes, the General Council may fix the levy for schools at forty cents and disregard the excess." It is the contention of defendants that section 26 was intended to cover the entire subject, and that, therefore,

the tax limit is fixed at 40 cents for all purposes unless the Board of Commissioners sees fit to levy an additional sum. We fail, however, to find anything in section 26 that justifies this conclusion. On the contrary, section 31 of the Act of 1912, distinctly provides: "And nothing in this act, unless inconsistent therewith, shall be construed as repealing any existing law providing for the assessment and collection of school taxes in such city." Unless we can say, therefore, that the words "for maintenance purposes" necessarily include taxes levied for sinking fund purposes, it follows that there is nothing inconsistent between the Act of 1912 and section 3219, Kentucky Statutes. In the original Act of 1894 the limitation of 35 cents was "to defray the expenses of maintaining the schools, improving or constructing of buildings, and so forth, thereof, and any liquidations of the liabilities during the current fiscal year. When that act was amended so as to authorize an additional levy of ten cents for sinking fund purposes, it is clear that the Legislature intended that the words "to defray the expenses of maintaining the schools, improving or constructing of buildings, and so forth" should not include taxes incurred by a vote of the people for sinking fund purposes, and yet the language of section 3219, Kentucky Statutes, is much broader than the language of the Act of 1912. If it was intended that the limit should apply to all school taxes, including those levied for sinking fund purposes, why insert the qualifying words "for maintenance purposes?" It is clear, we think, that these words were inserted for the sole purpose of showing that the limit of 40 cents was to apply only to taxes levied to meet the ordinary expenses of operating the schools. This view is strengthened by the language of section 28, which makes it the duty of the Board of Commissioners "in addition to the levy made for the maintenance of the schools as hereinbefore provided, to levy annually in its tax levy a rate that will raise a sum that shall be sufficient to pay the interest and create a sinking fund for the payment of the bonds at maturity." True, this language applies to bonds issued pursuant to the Act of 1912, yet it clearly shows that the Legislature intended a distinction between a tax levied for "maintenance." and a tax levied for sinking fund purposes. Our conclusion is further strengthened by section 29 of the Act of 1912, providing that "for maintenance of the schools

there shall be appropriated the sum or sums which may be received from year to year as the city's portion of the school fund of this Commonwealth." Certainly it was not intended by the latter provision to repeal section 4372, Kentucky Statutes, providing that no part of the common school fund, or of the revenue thereof, should be used for any other purpose than the payment of teachers of common schools; yet if the word "maintenance" were used in the broad sense contended for by defendants, the effect of section 29 would be to authorize the application of the common school fund to the payment of the bonded indebtedness. Being of the opinion that the Legislature did not intend that the words "for maintenance purposes" should include taxes levied for sinking fund purposes, it follows that it is the duty of the Board of Commissioners not only to levy a tax of 40 cents for the purpose of meeting the current expenses of the schools for the year 1914, but in addition thereto to levy a tax for sinking fund purposes sufficient to raise the amount asked for by the Board of Education.

(2) The defendants cannot complain of the fact that plaintiffs seek to require them to levy a tax for sinking fund purposes for less than the amount estimated and requested of them, since it was their duty to levy the amount requested. Nor is there any merit in the contention that the petition shows a balance of $1,979.42 in the interest and sinking fund. On the contrary, the petition clearly shows that there is a large shortage in the sinking fund.

(3) Defendants further contend that the petition does not show that the outstanding bonds of the board are valid. The petition does show that the bonds are outstanding, and the presumption is that they are valid. If invalid, that is a matter of defense.

Judgment affirmed.