## Elam v. Salisbury, Mayor, et al.

(Decided April 11, 1918.)

Appeal from Boyd Circuit Court.

1.  Taxation—Exemptions—Manufacturing Company.—Const., section 170, declares that the General Assembly may authorize any city or town to exempt manufacturing establishments from taxation for a period not exceeding five years, as an inducement to their location. Ky. St., section 3490, subsection 32, authorizes munici-

palities of the fourth class to make such exemptions. A manufactory had been established in a city but the principal portion of its plant had been destroyed by fire. The company was induced to rebuild its plant by the passage of an ordinance exempting it from taxation. Held, that the rebuilding and enlargement of the plant was not a new business entitling it to exemption, but was a mere continuation of the old business.

2. Municipal Corporations—Taxation—Omitted Property—Assessment —Construction of Statute.—Under the general rule that permissive words in respect to courts or officers are imperative in those cases in which the public or individuals have a right that the power so conferred be exercised, Ky. St., section 3542, providing, "If for any reason any property subject to taxation has not been listed the council may assess same," imposes on the council the mandatory duty to assess any property subject to taxation that has not been listed.

3. Mandamus—Subjects and Purposes—Acts and Proceedings of Public Officers—Omitted Property—Assessment.—Since no other adequate relief is provided by statute, mandamus will lie to compel the council of a city of the fourth class to assess any property subject to taxation that has not been listed.

4. Mandamus—Ground—Persons Entitled to Relief.—A citizen and taxpayer suing on his own behalf and on behalf of all other taxpayers may sue out a writ of mandamus to compel the council of a city of the fourth class to assess any property subject to taxation that has not been listed.

5. Mandamus—Subjects of Relief—Judicial Acts—Disregard of Duty —Fraudulent Action—Abuse of Discretion.—The rule that mandamus will not lie to control or review the exercise of the discretion of any board or officer when the act complained of is either judicial or quasi judicial, is subject to the exception that if the members of a city council in making an assessment of omitted property, are guilty of such fraudulent, capricious and arbitrary conduct, and of such gross abuse of discretion as to amount to a virtual refusal to assess the property, the court may disregard their action and compel them by mandamus to meet and assess the property.

J. F. STEWART and JOHN W. WOODS for appellant.

PROCTOR K. MALIN and JOHN T. DIEDERICH for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On October 23, 1911, a fire occurred in the plant of the Ashland Leather Company, which consisted of about thirty-four buildings in the city of Ashland, equipped for tanning sole leather, belting, etc.

With the exception of the engine and boiler house, a one story ironclad frame building, 50x60 feet, the

bark shed, the leech house, a one story frame building, 30x100 feet, the office, a one story brick building, 22x40 feet, the beam house, a one-story brick veneer building, 66x176 feet, and the hide house, a two story brick veneer building, all the buildings, machinery, equipment, material and supplies used by the company for the purpose of operating its tannery were destroyed. Thereupon several cities throughout the United States offered the company a free site and exemption from taxation as an inducement to the location of their new plant in such cities. At the same time the commercial organizations of the city of Ashland offered to donate money for the purpose of purchasing additional real estate and agreed that they would endeavor to procure the adoption of an ordinance by the Board of Council exempting the property of the company from taxation for a period of five years if the company would erect its new plant and continue its business in that city. This proposition was accepted and on November 8, 1911, the Board of Council passed the necessary ordinance. Thereafter the company rebuilt its plant and continued to carry on its business in the city of Ashland.

On January 9, 1915, Oliver M. Elam, a citizen and taxpayer of the city of Ashland, served a written notice on the mayor and each member of the Board of Council that the action of the Board of Council exempting the property of the company from taxation was void, and requesting them to assess the property for the years 1912, '13 and '14 as omitted property, but the Board of Council refused to assess the property.

On February 22, 1915, Elam instituted this proceeding for a mandamus compelling the mayor and the members of the Board of Council to assess the property for the years 1912, '13 and '14. To this proceeding the Ashland Leather Company and the Board of Education of the city of Ashland were made party defendants. To the petition the Ashland Leather Company filed a demurrer, which does not seem to have been acted upon. Thereafter the Ashland Leather Company and the mayor and members of the Board of Council, filed separate answers pleading, in substance, that the property of the company was exempt from taxation by virtue of the ordinance adopted November 8, 1911. On June 13, 1916, the Ashland Leather Company filed an amended answer pleading that at a regular meeting of the Board of Coun-

cil held on June 5, 1916, said board duly assessed all of the property of the company for the years 1912, '13 and '14, '15 and '16, and directed the city collector and city attorney to collect of the company the taxes so assessed for said years. Thereupon plaintiff filed a reply pleading that by the resolution of June 5, 1916, the property of the company was assessed for the year 1912 at $10,-000.00, and for the years 1913, '14, '15 and '16, at $75,-000.00; that the actual cash value of the company's property on April 1, 1912, was $624,500.00, on April 1, 1913, $924,500.00, on April 1, 1914, $1,020,300.00, on April 1, 1915, $1,030,300.00, and on April 1, 1916, $1,075,300.00; and that the assessed value placed on said property for the years in question was many thousand dollars less than its fair cash value for those years, and that the assessments were made in a lump sum without notice to the Ashland Leather Company, without obtaining any information as to the value of the property, and without a separate finding of the value of the different items constituting such property. He further pleaded that the resolution of the board was fraudulent and was the result of fraud, covin and collusion between it and the Ashland Leather Company; that the action of the board in assessing the property of the company for taxation at many thousand dollars below its cash value was illegal and void in that it was arbitrary and capricious and evinced a purpose to evade due and faithful performance of its duty, and was taken for the purpose of and with the fraudulent intent to anticipate the rulings of the court. It was further charged that the acts of the board were done viciously, maliciously and willfully for the purpose of cheating the city and Board of Education out of large sums due by the defendant as taxes for the years in question. Thereupon the court sustained a demurrer to the reply and dismissed the petition. Elam appeals.

1. The first question presented is, was the exemption ordinance valid? Section 170 of the Constitution provides: "The General Assembly may authorize any incorporated city or town to exempt manufacturing establishments from municipal taxation, for a period not exceeding five years, as an inducement to their location." Pursuant to the above provision, the Legislature enacted sub-section 32, section 3490, Kentucky Statutes, giving authority to the boards of council of fourth class

cities by ordinance to "exempt manufacturing establishments and the machinery from taxation for a period not exceeding five years from the establishment in such city." Pursuant to this statute, the ordinance in question was adopted. In the case of Victor Cotton Oil Co. v. City of Louisville, 149 Ky. 149, 148 S. W. 10, the question arose whether the property of the Victor Cotton Oil Company was exempt from taxation under an ordinance of the city of Louisville passed pursuant to section 170 of the Constitution, and section 2880a, Kentucky Statutes. It appeared that the Globe Refining Company had ceased to do business and its plant would have been dismantled had it not been for its purchase by the Victor Cotton Oil Company, a new corporation. In holding that the property of the Victor Cotton Oil Company was not exempt from taxation, the court said:

"The plain purpose of the ordinance, as well as the constitutional provision, is to induce the location of new manufacturing enterprises in the city. It was not contemplated by either the Constitution, the statute, or the ordinance that manufacturing establishments, already established in the city, shall be exempt from taxation for five years, when they change hands. The ordinance contemplates the exemption of new manufacturing enterprises; and the immunity from taxation is allowed to induce their location in the city. It does not include manufacturing establishments already in the city, although for any reason not in operation. Exemptions from taxation are strictly construed. They are never construed as including things not fairly within the meaning of the words read as they are written."

Here the Ashland Leather Company did not establish a new manufacturing enterprise in the city of Ashland; though the principal portion of its plant had been destroyed by fire, several substantial buildings remained intact. While several new buildings were erected and the plant greatly enlarged, this was only a reconstruction of the plant already located in Ashland and a continuation of the old business thereafter established. Since the exemption is granted as an inducement to the location of new manufacturing enterprises, we are not prepared to depart from the rule that exemptions from taxation should be strictly construed, and hold that the exemption may be granted to a manufacturing concern already located as an inducement to continue in the city and not

move its plant elsewhere. We therefore conclude that the exemption ordinance is invalid on the ground that it is not authorized by the Constitution.

2. The next question is whether the Board of Council is charged with the duty of assessing the property in question.

Section 3542, Kentucky Statutes, provides:

"If for any reason, any property subject to taxation has not been listed, the council may assess same; (but it) may not be taxed or listed for more than five (5) years."

The point is made that because of the use of the word "may," the power conferred on the council is one which it may or may not exercise in its discretion. The general rule is that permissive words in respect to courts or officers are imperative in those cases in which the public or individuals have a right that the power so conferred be exercised. Sutherland's Statutory Construction, page 597. In Supervisors v. U. S., 4 Wall 435, 18 Law. Ed. 419, the statute involved provided:

"The Board of supervisors . . . . may, if deemed advisable, levy a special tax. . . . "

The court said:

"The conclusion to be deduced from the authorities is that where power is given to public officers, in the language of the acts before us, or in equivalent language, whenever the public interest or individual rights call for its exercise, the language used, though permissive in form, is in fact peremptory. What they are empowered to do for a third person the law requires shall be done. The power is given, not for their benefit, but for his." To the same effect is Gulf v. Smith, 12 L. R. A. 355, and 22 Cyc. 590. We are therefore of the opinion that the statute in question imposes on the council the mandatory duty to assess any property subject to taxation that has not been listed.

(3) Since the property of the Ashland Leather Company was subject to taxation and had not been listed, and the statute imposes on the council the clear legal duty to assess the property, and no appeal or other adequate remedy is provided in case the council refuses to act, it can not be doubted that mandamus will lie to compel action by the council. Fowler v. City of Oakdale, 158 Ky. 603, 166 S. W. 195; City of Newport v. Board of Education and City of Newport, 159 Ky. 379, 167 S. W. 396; Morgan, et al., v. Champion, 150 Ky. 396, 150 S. W. 517.

(4)   There is no merit in the contention that plaintiff could not maintain this action.   Without entering into a discussion of the question, it is sufficient to say that he is a citizen and taxpayer of the city of Ashland, and, as a member of the public, is interested in having all the property in the city subject to taxation properly assessed, and his right to apply for a writ of mandamus in behalf of himself and all other taxpayers, is settled by the opinions of this court in the cases of Louisville Home Telephone Co. v. City of Louisville, 130 Ky. 611, 113 S. W. 855, and, Gay v. Haggard, 133 Ky. 435, 118 S. W. 299.

(5)   In view of the foregoing conclusions, it necessarily follows that plaintiff was entitled to the writ applied for unless the action of the council, while the proceeding was pending, operated to deprive the court of the power to issue the writ.   It may be conceded that mandamus will not lie to control or review the exercise of the discretion of any board, or officer, when the act complained of is either judicial or quasi judicial.   Houston v. Boltz, 185 S. W. 76.   But this rule is not without exception.   Thus it was held in the case of State v. Bear (W. Va.), 56 S. E. 390, that mere colorable action of an officer or board clothed with discretionary power, plainly arbitrary or capricious and evincing a purpose to evade due and faithful performance of duty, constitutes no bar to an application for a writ of mandamus to compel action in good faith, but mandamus will not be awarded for such purpose unless it appears that the officer or board has clearly and willfully disregarded his or its duty, or that the action was extremely wrong or flagrantly improper and unjust, so that the decision can only be explained as the result of caprice, passion, partiality, or corruption.   In the case of People ex rel. Green v. Board of Commissioners, 52 N. E. (Ill.) 336, we find the following:

"In Illinois State Board of Dental Examiners v. People, 123 Ill. 227, 13 N. E. 201, this court said (page 241, 123, Ill., and page 202 13 N. E.) : 'If a discretionary power is exercised with manifest injustice, the courts are not precluded from commanding its due exercise. They will interfere where it is clearly shown that the discretion is abused.   Such abuse of discretion will be controlled by mandamus.   A public officer or inferior tribunal may be guilty of so gross an abuse of discre-

tion or such an evasion of positive duty as to amount to a virtual refusal to perform the duty enjoined, or to act at all in contemplation of law. In such a case mandamus will afford a remedy. Tapp Mand. 19, 66; Woods Mand. 64; Commissioners v. Lynah, 2 McCord 170; People v. Perry, 13 Barb 206; Arberry v. Beavers, 6 Tex. 457.' '' In the case of State Board of Equalization v. People, 191 Ill. 528, 61 N. E. 339, 58 L. R. A. 513, the court said:

''We have repeatedly held that an assessment may be impeached on the ground that property has been fraudulently assessed at too high a rate. In Pacific Hotel Co. v. Lieb, 83 Ill. 602, we say (p. 609): 'Where . . . the valuation is so grossly out of the way as to show that the assessor could not have been honest in his valuation—must reasonably have known that it was excessive—it is accepted as evidence of a fraud upon his part against the taxpayer, and the court will interpose.' And in Chicago, B. & Q. R. Co. v. Cole, 75 Ill. 591 (on p. 594): 'Valuations must be the result of honest judgment, and not of mere will.' The converse of this proposition must be true, and an assessment may be impeached where the assessment has been fraudulently made at too low a rate. Of the seven corporations which were assessed at same amount, the People's Gaslight & Coke Company was one. That company filed with the auditor a statement, which was sworn to by its secretary, on the 17th day of November, 1900, and after the announcement of this suit. This statement was laid before the state board of equalization by the auditor at the time the property of said corporation was assessed. The statement showed the amount of capital stock paid up to be $28,668,800, the amount of indebtedness to be $34,000,000, and the total value of the tangible property to be $15,526,785. The aggregate amount of the value of the capital stock and the indebtedness, less the tangible property, amounted to $47,-142,015, one-fifth of which would be $9,428,403, and was the amount, under the law, which should have been certified to the county clerk of Cook county, on which said clerk should have extended the taxes of said corporation on the basis that its stocks was worth par. The evidence showed, however, the same to be worth $106.50 per share, which fact should have materially increased its assessment. The amount, however, assessed against said company by the state board of equalization was $450,000, or $8,978,403 less than the company's own statement, sub-

scribed and sworn to by its own secretary, showed to be the amount for which it should have been assessed. The assessment of this corporation is a fair illustration of the assessments made by the state board of equalization against the other six companies which it assessed. It was the duty of the state board of equalization to assess the capital stock, including the franchises, of said corporations at the fair cash value thereof. Instead of doing so, the respondents arbitrarily and wilfully failed to follow a proper and long-established rule in force in this state for making such assessments, by refusing to take into consideration, in making such assessments, the bonded indebtedness of such corporations. They also disregarded all other rules for the making of such assessments in force at the time of the filing of this petition, and for the purpose of evading their duty sought to pass new rules for their government in making said valuations and assessments, and refused to consider the information then before them, furnished to them by the assessors, as provided by statute, and assessed the capital stock and franchises of said corporations at a nominal sum, instead of at the fair cash value thereof. While it is true that fraud will not be presumed, and that the decision of the state board of equalization in fixing the value of corporate property for the purpose of taxation is quasi judicial in its nature, still when it is apparent to the court that every well-known rule for the valuation of capital stock, including franchises, has been violated and arbitrarily disregarded by the board, and such board has refused to consider the statements as to values prepared by the assessors, under the statute, for its use, and has refused to consider information as to the value of such corporate property submitted to it by interested parties, and has arbitrarily fixed such assessments at a grossly inadequate sum under rules passed by it for the occasion, the court is justified in holding that fraud in the making of such assessments has been established, and such pretended assessments may be properly disregarded and treated as no assessments, and such board be coerced by the writ of mandamus to assess such property.'' The same doctrine is recognized in the case of Clay City v. Roberts, et al., 124 Ky. 596, 99 S. W. 651, where the court said:

''The council constitutes the legislative branch of the town government, and as long as it acts within the

statutory authority given to it in the management of the town's affairs, its acts are not subject to judicial investigation or control. It cannot be required to act in any particular manner upon any subject with which it has a right to deal, and the aid of a court can be invoked only when it has refused to act at all, or acts arbitrarily, or beyond the scope of its statutory authority."

In the case under consideration, the council assessed the property for the years in question during the pendency of the suit. It appears from the reply that the property was assessed for each of the years in a lump sum and no effort was made to obtain any information as to the value of the property or to separate the items of which the property was composed. It further appears that the actual cash value of the property was many times more than the value for which it was assessed. It is charged that the resolution of the board was the result of fraud, covin and collusion between it and the Ashland Lumber Company; that the action of the board was arbitrary and capricious and evinced a purpose to evade due and faithful performance of its duty; and that it was taken for the purpose of and with the fraudulent intent to anticipate the rulings of the court. It was also averred that the acts of the board were done viciously, maliciously and wilfully for the purpose of cheating the city and Board of Education out of large sums due as taxes for the years in question. The demurrer admits these allegations to be true; and, if they be true, it is manifest that the members of the council in making the assessments in question, were guilty of such fraudulent, capricious and arbitrary conduct, and of such gross abuse of discretion, as to amount to a virtual refusal to assess the property. In other words the result is the same as if they had never made the assessments, and the court may disregard their action and require them to meet and assess the property. For these reasons it follows that the court erred in sustaining the demurrer to the reply and dismissing the petition.

Judgment reversed and cause remanded for proceedings consistent with this opinion.