Case 22.—ACTION BY CITY OF LOUISVILLE AGAINST THE
CONTINENTAL TOBACCO CO. TO RECOVER TAXES FOR
CERTAIN YEARS.—June 8.

## Continental Tobacco Co. v. City of Louisville

Appeal from Jefferson Circuit Court, (Chancery
Branch, 1st Division.)

SHACKELFORD MILLER, Judge.

Judgment for Plaintiff.  Defendant appeals.  Af-
firmed.

Taxation—New Factories—Exemption from City Taxes—Induce-
ment to Location—Where a new corporation was organized in
New Jersey for the purpose of acquiring large tobacco fac-
tories in the country, and in pursuance thereof purchased two
large factories in the city of Louisville that were at the time
going concerns, with no purpose to discontinue business, al-
though the new corporation added new capital and some new
machinery to the business and brought new brains, energy
and industry to bear in the operation of the plants, it was not
a new corporation in contemplation of section 2980a, Kentucky
Statutes, authorizing the general council of a city, by ordi-
nance, to exempt from municipal taxation, for a period of
five years, manufacturing establishments as an inducement to
their location within the city limits, and said new corpora-
tion is not exempt from city taxes under such ordinance.

AUGUSTUS E. WILLSON, Attorney for appellant, J.
PARKER and GIBSON, MARSHALL & GIBSON of Counsel.
(Counsel for appellant in this case refer to brief for appellant in

case of "Mengel Box Co. v. City of Louisville, reported in 117 Ky., 735, for Points and Citations of Authorities.")

A. E. RICHARDS, Attorney for appellee.

(No brief for appellee in record.)

OPINION BY JUDGE PAYNTER.—Affirming.

The appellant is a New Jersey corporation, and was organized for the purpose of acquiring large tobacco factories in the country. John Finzer & Bro. and the American Tobacco Company, corporations, owned large establishments in the city of Louisville, manufacturing plug and smoking tobacco. These establishments consisted in large buildings, machinery, money, and property used to carry on the business. The consideration for the sales to the Continental Tobacco Company was cash and common and preferred stock, which was issued to them in the Continental Company. This company was a new corporation, distinct from the corporations whose property is purchased, although some of the persons who held stock and were officers of the selling companies became officers and stockholders in the new concern. This is an action to recover taxes for the years 1900, 1901, 1902, 1903, and 1904, aggregating more than $100,000.

Appellant claims that it is exempt from the payment of these taxes to the city of Louisville by reason of the ordinance which was passed by the general council of the city of Louisville on July 29, 1898, which provides that, in order to induce the location of more manufacturing establishments within the city limits, any person, firm, or corporation, which shall, after the passage of the act of the Legislature authorizing the ordinance, permanently locate and conduct manufacturing establishments within the city limits, shall be exempt from taxation for the period of five years after such location and commencement of the business of manufacturing therein. This act was passed pursuant to an act of the General Assembly approved March 16, 1898, which authorized the general council,

by ordinance, to exempt from municipal taxation for the period of five years manufacturing establishments as an inducement to their location within the city limits. Section 2980a, Ky. St. 1903. The General Assembly was authorized to enact this statute by reason of section 170 of the Constitution, which provides that it may authorize any incorporated city or town to exempt manufacturing establishments from municipal taxation for the period not exceeding five years as an inducement to their location. The purchase of the property by the appellant and the commencement of business in the city of Louisville took place after the enactment of the ordinance in question. It is insisted for appellant, that as it was a separate and distinct corporation from those which operated the manufacturing plants when it became the owner, and, as new capital was used in the business, and some new machinery added to the plants, and new brains, energy, and industry brought to bear in the operation of the plants, it brought to Louisville new manufacturing establishments in contemplation of the ordinance, the act of the general assembly and the Constitution of this State.

It is insisted that the facts in this case are exactly the same as they were in Mengel Box Co. v. City of Louisville, 117 Ky. 735, 79 S. W. 255, 25 Ky. Law Rep. 1861, and the exemption is claimed under the rule announced in that case. If this claim be correct, then the same rule ought to be applied in this case as in the Mengel Case, supra, and the claimed exemption should be sustained. The John Finzer & Bro. Company and the American Tobacco Company establishments were going concerns, and, so far as this record shows, were prosperous, and no purpose existed to discontinue the business. They were active, going manufacturing establishments, employing a large number of persons and had a vast amount of money engaged in the enterprises. There is nothing in this record showing that the parties contemplated a sus-

pension of their business or in any wise to fail to con-
tinue as active and apparently prosperous concerns.
In this case we shall determine from the facts found
in the Mengel Case whether the rule there applied
shall be applied to the facts of this case, because the
principal announced was predicated upon the facts
as they appeared to the court to exist in that case.
In the Mengel Case the court found that the box busi-
ness was unprofitable, that the corporation carrying
on the business intended to abandon the enterprise
altogether as soon as certain contracts were fulfilled.
The court adjudged that Louisville had lost the fac-
tory as a business enterprise as wholly and completely
as if it had never existed there.   The court found
"that the old plant was dead.   *   *   *   That it had
ceased to be a going concern."  In view of this condi-
tion the court concluded that the new company had
established a new plant, and that the claim of exemp-
tion could and should be sustained.   How different
are the facts in this case.  As we have said, the Fin-
zer Company and the American  Tobacco  Company
were going concerns at the time they were purchased,
and at the time the Continental Company began to
operate them in Louisville.  No purpose seems to have
ever existed to abandon these manufacturing estab-
lishments, therefore Louisville did not get new enter-
prises, new manufacturing establishments, but simply
another corporation which continued to operate the
old ones.

There is no controversey as to the facts with refer-
ence to the John Finzer Company and the American
Tobacco Company manufacturing establishments as
we here state them. The court could not afford to
say that they were not going concerns, that they were
dead at the time they were purchased by the Continen-
tal Company, in order to say that they were new
manufacturing establishments, and exempt from tax-
ation under the  Constitution  and  ordinance.   The
court might have erred in its conclusion as to facts

in the Mengal Box Case, yet it enunciated a correct
principle that must control in other cases, and when
applied to the facts in this case, it is clear that ap-
pellant is not entitled to the exemption from taxation
which it claims.  Had the court concluded in the Men-
gel Case that it was a live concern, that the owner of
the establishment had no purpose to discontinue its
business, and simply a new corporation had acquired
the property and continued to run the business, it
would not have held that it was exempt from taxation.

The evidence in this case shows that probably the
capacities of the establishments have been increased,
and that more men have been employed since the ap-
pellant acquired the property than were previously
employed.  This only amounts to an enlargement of
the old plant, a mere addition to the capital of the
going concern, and under the principles of the Mengel
Case that would not entitle it to exemption from taxa-
tion for five years.  If the appellant is not required
to pay taxes under the facts of this case, it is possible
for manufacturing establishments which are not new
enterprises, to escape taxation for an indefinite pe-
riod.  The object and purpose of the exemption of
manufacturing establishments from the payment of
taxes for a certain period was to induce the location
of new establishments in the various cities of the
commonwealth, to induce persons of capital and en-
terprise and business capacity to invest their money
so as to build up the cities of the State.  The constitu-
tional convention intended to maintain a uniform sys-
tem of taxation, but feeling that an enlargement of
the business interests of the cities was so desirable,
it relaxed that uniform rule to the extent of allowing
new enterprises to be exempt from taxation, believing
that the location of new manufacturing and other
business establishments in the cities would ultimately
contribute such sums to the payment of the expenses
of government as would more than compensate the
other tax payers who bore the burden pending the es-

tablishment and maintenance of manufacturing enterprises for a period of five years. In other words, the constitutional convention thought it was wise to hold out this inducement to persons for the purpose of encouraging the location and securing manufacturing enterprises in the cities of this commonwealth.

Judgment affirmed.

Petition for rehearing by appellant overruled.