## The B. F. McCormick Lumber Company v. City of Winchester.

(Decided October 24, 1913).

### Appeal from Clark Circuit Court.

Taxation—Section 170, Constitution—New Manufacturing Establishments—Exemption.—A planing mill plant used to manufacture

lumber for wholesale, which is transferred to a new corporation and enlarged and improved and used for the manufacture of lumber for sale by retail, is not a new manufacturing enterprise within the meaning of an ordinance exempting from taxation for five years new manufacturing establishments, to induce their location in the city.

B. R. JOUETT, H. H. MOORE and JOUETT & JOUETT for appellant.

F. H. HAGGARD, J. SMITH HAYS and J. SMITH HAYS, JR., for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Claiming that its manufacturing plant, located in the city of Winchester, Kentucky, was exempt from taxation, under and by virtue of an ordinance of that city enacted pursuant to section 170 of the Constitution, plaintiff, the B. F. McCormick Lumber Company, brought this action against the city of Winchester and its assessor, H. W. Scrivener, to enjoin the assessment and collection of taxes thereon for a period of five years from April 1, 1911. A demurrer to the petition as amended was sustained, and the injunction denied. Plaintiff appeals.

Section 170 of the Constitution provides in part as follows:

"The General Assembly may authorize any incorporated city or town to exempt manufacturing establishments from municipal taxation, for a period of not exceeding five years, as an inducement to their location."

Pursuant to the above section of the Constitution, on January 3, 1912, the city of Winchester, for the purpose of inducing the location in that city of new manufacturing enterprises, enacted an ordinance exempting from city taxation for a period of five years all new manufacturing establishments working as many as ten employees.

It appears from the petition, and the amendment thereto, that the plaintiff corporation was organized in the month of June, 1910, and is now engaged in the business of manufacturing wood work and material for the construction of buildings of all kinds, and is doing a general retail planing mill business. Its principal owner and promotor is B. F. McCormick. All of its stock was and is owned by said McCormick, his brother, J. L. McCormick, and their children. When the corporation was organized, neither B. F. McCormick nor any other stock-

holder of the company resided in Winchester or in Clark County, or had any interest in any other enterprise then existing in that city. All of the stockholders with the exception of two, who moved to Winchester for the purpose of taking charge of the company's business, resided outside of Winchester and Clark County. None of the capital invested in the corporation was theretofore invested or owned in the city of Winchester or Clark County. At the time the incorporators decided to establish a planing mill business in Winchester, a corporation known as the Reliance Manufacturing Company, owned a good site for said business, situated near the union depot, between the Chesapeake & Ohio Railroad and Winn avenue in that city. On these premises there was located a planing mill, which was at the time used by the Reliance Manufacturing Company for dressing rough lumber to be sold at wholesale. At that time the Reliance Manufacturing Company was engaged solely in the wholesale lumber business. It not only bought and sold lumber in carload lots, but also bought rough lumber, which it ran through its planer and sold again at wholesale in Winchester and other lumber markets. About two years prior to that time that company had been engaged in the business of manufacturing planing mill stuff for retail consumption, but had wholly discontinued said work for more than two years before the organization of the plaintiff corporation, at which time it worked only a small force in putting through the planing mill such rough lumber as it chose to handle, which material was disposed of by wholesale only. Plaintiff corporation was organized for the purpose of manufacturing lumber for all parts of buildings, both exterior and interior, and to sell same altogether by retail to contractors, builders and other persons engaged in constructing buildings. For the purpose of locating its business in Winchester, it purchased the planing mill property owned by the Reliance Manufacturing Company. It at once overhauled and partly rebuilt the structures on said premises, and built new buildings and added new machinery thereto, different from the old machinery then in use. It acquired no trade or business by said purchase, as the Reliance Manufacturing Company had no customers and no business in the sale at retail of its manufactured products.

In the recent case of City of Louisville v. New York Baking Co., 151 Ky., 758, it appeared that Hellmueller

conducted a bakery on Second street in the city of Louis-ville, his business being principally retail. A new corporation was formed which did only a wholesale business. No other manufacturing establishment had been located on the lot where the new bakery was established. In discussing the question of exemptions in that case, this court said:

"The plain purpose of the constitutional provision as well as the statute and the ordinance is to induce the location of new manufacturing enterprises in the city. Neither contemplates the exemption from taxation of manufacturing establishments already located in the city which may be enlarged. The Constitution requires that all property within the limits of the taxing district shall be subject to taxation except such as may be exempt pursuant to its provisions. All exemptions from taxation are to be strictly construed, and we have steadily held that the mere expansion of an existing business or the addition of new capital, or its passing into the hands of a new corporation, will not warrant its exemption from taxation."

Further along in the opinion the court said:

"To bring itself within the Constitutional provision and the ordinance, a concern must show that a new manufacturing business has been established in the city, not that an old business has been enlarged and improved or modified in some particulars. To be exempt for five years after its location in the city, it must be a new business.

In the case of Victor Cotton Oil Co. v. City of Louisville, 149 Ky., 149, an old corporation had ceased to do business. A new corporation was formed with a larger amount of capital stock, and the manufacturing plant was enlarged and improved. It was held that the manufacturing establishment had not been induced to locate in Louisville. The court said:

"It was not contemplated by either the Constitution, the statute, or the ordinance that manufacturing establishments, already established in the city, shall be exempt from taxation for five years, when they change hands. The ordinance contemplates the exemption of new manufacturing enterprises, and the immunity from taxation is allowed to induce their location in the city. It does not include manufacturing establishments already in the city, although for any reason not in operation. Exemptions from taxation are strictly construed. They are

never construed as including things, not fairly within the meaning of the words read as they are written.''

It is manifest that under the rule laid down in the foregoing cases, plaintiff corporation has not shown itself entitled to the exemptions contemplated by the Constitution and the ordinance. The fact that it is a new corporation, and that none of its stockholders were interested in the Reliance Manufacturing Company in no way affects the case. The sole question is: Was a new manufacturing enterprise induced to locate in the city of Winchester? It is insisted that because the old plant has been enlarged and improved, and the lumber is manufactured for the purpose of sale by retail, the business is entirely a new enterprise. In our opinion, the change is not material. The new enterprise is substantially the same as the old. No new business enterprise has been induced to locate in Winchester. Plaintiff is simply continuing the planing mill business, and the changes in the plant and the character of business done are so slight that they in no sense make it a new manufacturing establishment.

Judgment affirmed.