## Mengel Box Company v. Sea, Tax Receiver.

(Decided December 8, 1915.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Taxation—Corporations and Corporate Stock and Property—Exemptions.—Under section 170, of the Constitution, section 2980a,

Kentucky Statutes, and the ordinance of the city of Louisville; approved July 29; 1898, adopted in pursuance of the statute and provision of the Constitution, supra, a mere enlargement of an already existing manufacturing establishment, in the way of the addition of new buildings, new and additional machinery, new processes for manufacturing, new capital invested in the enterprise, a new management, the addition of other employees, of the acquisition by new persons of the ownership of an existing enterprise, do not make it, nor any part of it, a manufacturing establishment which entitles its owners to have it or any part of it exempted from taxation.

2. Statutes—Construction of Statutes and Ordinances.—All statutes and ordinances, which grant special privileges, not of common right, will be strictly construed, so as to not extend their terms as granting such privileges beyond the letter of such ordinances and statutes.

HUMPHREY, MIDDLETON & HUMPHREY for appellant.

GEORGE CARY TABB and PENDLETON BECKLEY for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This is an action by the appellant against the tax receiver of the city of Louisville to enjoin the collection from it of the taxes levied by the city upon a portion of the real estate and personal property owned and used by it in the establishment conducted by it for the manufacturing of boxes. The portion of the property, which it seeks to have declared exempt from taxation, being that portion used by it in the manufacturing of paper boxes. The petition and amended petition, in substance, alleging that the appellant had been engaged for several years, previous to April, 1913, in manufacturing wooden boxes, and that the real estate owned and used by it in the manufacturing of wooden boxes had at some time, previous to April, 1913, enjoyed an exemption from taxation for city purposes for five years, under and by virtue of the ordinance of the city upon that subject; that proposing to add the business of manufacturing paper boxes to its operations, that it had erected a building in addition to the one used by it in manufacturing wooden boxes, upon the same lot which it used in manufacturing wooden boxes, and installed in it the machinery necessary for the making of paper boxes, and commenced to make paper boxes in April, 1913; that it had not theretofore engaged in making paper boxes, and

that no one in the city had theretofore manufactured solid fiber paper boxes; that the making of paper boxes for commercial purposes had only been a manufacturing business since within ten years last past; that it used the additional building and machinery therein exclusively for the making of paper boxes; that it had secured the services of a new manager of its business, who knew how to manufacture paper boxes, and employed in the business of manufacturing paper boxes about one-third as many men as it employed in making wooden boxes, and that it employed in making wooden boxes between three hundred and four hundred men; that it had erected a new manufacturing establishment and engaged in a new industry, in the city, and was entitled under section 2980a, Kentucky Statutes, and the ordinance of the city, which was approved on July 29th, 1898, to have the property owned and used by it in the manufacturing of paper boxes exempted from taxation for city purposes for five years, as provided in the statute and ordinance, *supra;* that in deciding upon a location for this addition to its business, it had considered locating it at Baltimore, Md., and Richmond, Va., as well as in the city of Louisville, and prayed as relief, that the tax collector of the city be enjoined from the collection of such part of the tax bill as was assessed upon the property used by it in manufacturing paper boxes.

A general demurrer was interposed to the petition, and the petition as amended, which the court below sustained, and adjudged that the petition as amended be dismissed, to which the appellant excepted and appealed to this court.

The question here to be determined is, did the petition, as amended, state facts upon which it was entitled to the relief sought?

The portion of section 170 of the Constitution, which is applicable to the question for determination, provides as follows:

"The General Assembly may authorize any incorporated city or town to exempt manufacturing establishments from municipal taxation, for a period not exceeding five years, as an inducement to their location."

Section 2980a, Kentucky Statutes, adopted in pursuance to the Constitutional provision, *supra,* is as follows:

"That the general council shall have power by ordinance to exempt from municipal taxation, for a period

not exceeding five years, manufacturing establishments, as an inducement to their location within the city limits.''

The general council of the city exercised the power granted it by the statute, *supra,* by an ordinance, which was approved, as alleged in the petition, on July 29th, 1898, and which provided, in substance, that in order to induce the location of more manufacturing establishments within the city limits, and such establishment owned and operated by any person, firm, or corporation, which shall have been after the passage of the act authorizing the ordinance, permanently located and conducted within the city, shall be exempt from taxation for five years after the location and commencement of manufacturing thereat, upon all the property employed and used in conducting the business of such manufacturing establishment.

This court has several times construed the ordinance and statute, as applied to different manufacturing establishments. In the case of Continental Tobacco Co. v. City of Louisville, 123 Ky., 173, the American Tobacco Company and John Finzer & Bro. were corporations each of which was engaged in manufacturing plug and smoking tobacco. They were sold to the Continental Tobacco Company, a separate and distinct corporation from the former owners. The purchaser invested new capital, and new machinery, and employed more men in the business, but it was held that it only amounted to an enlargement of the old plants, and the addition of capital to going concerns, and the Continental Tobacco Company was not entitled to an exemption from taxation, under the provisions of the ordinance. It therefore follows, that a mere change of ownership of a going concern and the addition of new capital, machinery, and a new management of the concern by the new owner does not constitute such a manufacturing establishment, within the city limits, after the passage of the ordinance, which will be entitled to the exemption from taxation provided for in the ordinance. The court, in the case, said:

''The object and purpose of the exemption of manufacturing establishments from the payment of taxes for a certain period was to induce the location of new establishments in the various cities of the Commonwealth, to induce persons of capital and enterprise and business

capacity to invest their money so as to build up the cities of the State.''

In the case of Jones Bros. v. City of Louisville, et al., 142 Ky., 759, the appellant was a corporation engaged in the manufacturing of cider, vinegar, molasses, and fruit products. It was created by the consolidation of three other corporations, one of which was a manufacturer of cider, vinegar, and fruit products; another of syrups and molasses, and the other of canned goods. Each of these corporations had enjoyed exemption from taxation under the ordinance under which the exemption is claimed, in the case at bar. Two of the corporations were going concerns at the time of the merger. The corporation created by the merger increased the size of the plant and put more capital into the business and manufactured all the products previously manufactured by the three concerns, and in addition made preserves, which had not theretofore been manufactured by either of them. This court held that it was not entitled to the exemption, and that it was not such a new manufacturing establishment as was contemplated by the ordinance. The court, in the opinion, said:

''It is manifest that the sole object of the constitutional provision and statute in question is to exempt from taxation for a period of five years new manufacturing concerns, provided they invest their capital and locate their plants within the limits of the city offering by ordinance the inducement afforded by such exemption.''

In L. & N. R. R. Co. v. City of Louisville, 143 Ky., 258, the appellant had for many years maintained its principal repair and construction shops, in which were employed about fourteen hundred men, at a certain point in the city of Louisville, but in 1902 it commenced building new shops in another portion of the city and occupied them in 1905. The old shops were then abandoned. The new shops were of the newest and latest model, and operated by electric power, on account of which nearly all the machinery in the old shops had to be abandoned and new machinery provided for the new shops. The old employes were kept, and in addition several hundred new men were given employment in the new shops. The character of the work done in the new and old shops was substantially the same, except that in the new shops locomotives were built, a work which the old shops did

not do. The claim of the L. & N. R. R. Co. for exemp-tion from taxation of its new shops and machinery therein, was denied by the court, which held that the city had not acquired any new business, within the mean-ing of the exemption ordinance. "It was merely the ex-change or substitution of a new and enlarged shop for an old shop. The statute evidently contemplates the bringing to the city of Louisville a business that had not theretofore existed there * * * a 'new enterprise,' a 'new manufacturing establishment.' "

In the Kentucky Electric Co. v. Beuchell, 143 Ky., 669, there was no question but what the enterprise was a new one, in the city, but the decision in that case turned upon the question, as to whether the business was a man-ufacturing establishment or not, and sheds no light upon the controversy here.

In Victor Cotton Oil Co. v. City of Louisville, 149 Ky., 149, a corporation which owned a factory in Louis-ville ceased operations in March and turned over its property to an agent to be sold. In a month or two sev-eral of its stockholders, with some other persons, or-ganized a new corporation, and in October, following, purchased the plant of the old corporation, giving stock in the new corporation for it. The claim of the new corporation for exemption from taxation was denied, the court saying:

"It was not contemplated by either the Constitution or statute, or the ordinance, that manufacturing estab-lishments already established in the city shall be exempt from taxation for five years when they change hands. * * * It does not include the manufacturing establish-ments already in the city, although for any reason not in operation."

In City of Louisville v. New York Baking Co., 151 Ky., 758, which was a claim for exemption from taxation under the ordinance, supra, the court said:

"The plain purpose of the constitutional provision, as well as the statute and the ordinance, is to induce the location of new manufacturing enterprises in the city. Neither contemplates the exemption from taxation of manufacturing establishments already located in the city, which may be enlarged.

"To bring itself within the constitutional provision and the ordinance, a concern must show that a new man-ufacturing business has been established in the city, not

that an old business has been enlarged and improved
or modified in some particulars."

In McCormick Lumber Co. v. City of Winchester, 155
Ky., 496, the Reliance Manufacturing Company owned.
a planing mill in Winchester, at which it dressed rough.
lumber and sold it at wholesale. It sold the plant to
the McCormick Lumber Co., which was composed of per-
sons who did not reside in the city. The new owners
partly rebuilt the structure on the premises, built new
buildings and installed new machinery, different from
the old machinery in use, and engaged in the business
of manufacturing all kinds of lumber, and selling their
products altogether by retail. It did not acquire any
trade or custom by its purchase, because the old corpora-
tion had no retail trade. This court held that the new
establishment was not exempt from taxation, upon the
ground that no new business enterprise had been estab-
lished in or brought into the city. The McCormick Com-
pany was simply continuing the planing mill business,
which had been conducted there by the Reliance Manu-
facturing Company.

It will be observed that from the foregoing adjudi-
cations of this court, that a mere enlargement of an
already existing manufacturing establishment, in the
way of the addition of new buildings, new and additional
machinery, new processes for manufacturing, new cap-
ital invested in the enterprise, a new management, the
addition of other employes, or the acquisition by new
persons of the ownership of an existing enterprise, do
not make of it a manufacturing establishment which en-
titles its owners to have it exempted from taxation, un-
der the provisions of the ordinance, statute and section
of the Constitution, *supra.* So, the question to be de-
termined here is, whether or not the manufacturing of
paper boxes by the appellant is a new manufacturing
establishment, within the meaning of the ordinance, or
is it a mere enlargement of the manufacturing estab-
lishment which appellant was already conducting in the
city? In the case of L. & N. R. R. Co. v. City of Louis-
ville, *supra,* the company, in its old shops, did not man-
ufacture locomotives, and did so in its new shops, hav-
ing to use new and different machinery in its manufac-
turing processes from that used in the old shops. Both
shops did brass work and flaging, made castings and
frogings, prepared woodwork for use in repairing and

building cars; both had boiler shops, machine shops, pattern shops, and foundries, and it was held that the work done in the old and new shops was not materially different. In Jones Bros., &c., v. City of Louisville, *supra*, the new corporation made a preserve, which was not made by the old corporation, which by their merger created the new, but it was held that this was not a new industry, but a mere enlargement of the old business. In McCormick Lumber Co. v. City of Winchester, *supra*, it was held that the manufacturing of all kinds of woodwork, both for the exterior and interior of buildings, was not a different manufacturing establishment from the one owned by the Reliance Manufacturing Company, which only dressed rough lumber to be sold at wholesale. It seems that in the cases, *supra*, the products made by the enlargement of the manufacturing establishments were not different in a generic sense from the output of the older establishment. In the case at bar, the appellant was engaged in the manufacturing of wooden boxes; it had enjoyed an exemption from city taxation on the real estate used and its entire plant, under the ordinance, *supra*; its management has never changed, neither has its ownership; it has added the making of paper boxes to its business, at the same place and upon the same lot; it necessarily must install the machinery necessary to make paper boxes. Is not the making of paper boxes simply an expansion of its business of making boxes? Where the new business is merely an expansion of the old business, manifestly the exemption ought not to be allowed.

An exemption from taxation is a special privilege and not enjoyed by all as a matter of common right, and the claimant of it, as well as others who make claim to special privileges, must submit to having the statutes and ordinances, under which the privilege is claimed, strictly construed, so as not to extend their terms as granting such privileges beyond the letter of such ordinances and statutes. Kilgus v. Orphanage, 94 Ky., 444; City of Middlesborough, &c., v. New South Brewing & Ice Co., 108 Ky., 351; German Bank v. City of Louisville, 108 Ky., 382.

It is concluded that the making of paper boxes and the additional building and machinery for it is not a new manufacturing establishment, induced to locate in the city of Louisville, by the provisions of the ordinance,

*supra,* and therefore exempt from taxation, but is a mere enlargement and expansion of the establishment for making boxes, which appellant already had.

The judgment is therefore affirmed.

All members of the court sitting.