## Vogt Brothers Machine Company v. Sea, Receiver, et al.

(Decided June 21, 1918.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Municipal Corporations — Taxation — Exemption — Ordinance — Manufactory.—Appellant corporation was organized for the purpose of manufacturing ice and refrigerating machinery. It purchased from the receiver of a corporation located in another city not only a portion of the latter company's machinery, but all its patterns, drawings, patents and ice machine business. It also purchased the property of another corporation located in the city of Louisville that had been engaged principally in the structural iron business, not for the purpose of acquiring and continuing that business, but as a site for its factory. It also purchased other sites, erected numerous buildings and installed new machinery for the purpose of carrying on its business of

manufacturing ice and refrigerating machinery. The only business conducted by appellant that had theretofore been conducted by the company from which the plant was purchased, was the manufacture of a few pumps and hydrants, but this business formed but an insignificant portion of appellant's business. Held, that appellant's business was not a mere expansion of an old business theretofore existing, but a new business entitling it to exemption from taxation under the ordinance of the city of Louisville enacted pursuant to Constitution, section 170, and Kentucky Statutes, section 2980a, authorizing municipalities to exempt manufacturing establishments from municipal taxation for a period not exceeding five years as an inducement to their location.

FURLONG, WOODBURY & FURLONG for appellant.

PENDLETON C. BECKLEY and GEORGE CARY TABB for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

The question on this appeal is whether the plant of the Vogt Brothers Manufacturing Company, located in the city of Louisville, is exempt from taxation as a new manufacturing establishment.

Early in the year 1916, Adam Vogt, who had been a stockholder and officer of the Henry Vogt Machine Company, disposed of his stock and retired from that company. Mr. Vogt had two sons who had had considerable experience in the manufacture of ice and refrigerating machinery. He and his son Clarence began negotiations for the purpose of acquiring an interest in and reorganizing the Huetteman-Cramer Company, a corporation engaged in the manufacture of ice and refrigerating machinery at Detroit. On learning of this fact, the president and secretary of the Commercial Club of Louisville induced the Messrs. Vogt to locate their proposed business in the city of Louisville. Thereupon the Vogt Bros. Manufacturing Company was incorporated, and a real estate agent was employed to look for a suitable site. Among other sites there was brought to the attention of the Messrs. Vogt, the property of the National Foundry & Machine Company located on the south side of Main Street between 14th and 15th Streets in Louisville. Being pleased with this site, the members of the Vogt family purchased the stock of the National Foundry & Machine Company. Later on the Vogt Bros. Man-

ufacturing Company purchased the real estate of the National Foundry & Machine Company located on the south side of Main Street. It also acquired a lot 85x90 feet on the northeast corner of 15th and Pirtle Streets, another lot 60x90 feet located on the south side of Pirtle Street, and another lot 250x198 feet on the southwest corner of Rowan and 16th Streets. About the same time the company for a substantial consideration purchased from the receiver of the Huetteman-Cramer Company, of Detroit, all the latter's patterns, drawings and ice machine business, including its patents. Upon acquiring the real estate of the National Foundry & Machine Company, the improvements thereon were removed with the exception of the main building, which was overhauled and remodeled. Upon the remainder of the lot, entirely new buildings were constructed. Upon the lot fronting on 15th Street, a large factory building was constructed, and on the property at 16th and Rowan Streets, an establishment for constructing tanks was erected. The property on the south side of Pirtle Street was also improved and used in connection with the other property. The company then began the manufacture of ice and refrigerating machinery. This is its principal business, though it also appears that it manufactures a few pumps and hydrants which were theretofore manufactured by the National Foundry & Machine Company. The manufacture of such pumps and hydrants forms a very small part of the company's business. Prior to the acquisition of the property of the National Foundry and Machine Company, it was engaged principally in the structural iron business.

To entitle a manufactory to exemption from taxation under the ordinance of the city of Louisville enacted pursuant to section 170 of the constitution and section 2980a of the Kentucky Statutes, authorizing municipalities to exempt manufacturing establishments from municipal taxation for a period not exceeding five years as an inducement to their location, it must appear that a new manufacturing enterprise was established in the city. Hence the mere expansion of an existing business, coupled with a change of ownership, or the addition of new capital, or the erection of new buildings, or the adoption of new processes or improved facilities, or a change in the material of the manufactured product, or an increase in the number and variety of the articles manufactured, will not authorize the exemption. Mc-

Cormick Lumber Co. v. City of Winchester, 155 Ky. 496, 159 S. W. 997; Louisville & N. R. R. Co. v. City of Louisville, 143 Ky. 258, 136 S. W. 611; Jones Bros., Etc. v. City of Louisville, et al., 142 Ky. 759, 135 S. W. 301; Louisville Car Wheel & Railway Supply Co. v. City of Louisville, 146 Ky. 573, 142 S. W. 1043; Mengel Box Co. v. Sea, Tax Receiver, 167 Ky. 193, 180 S. W. 347; City of Louisville v. Louisville Tin & Stove Co., 170 Ky. 557, 185 S. W. 124. Following this rule the chancellor held that because appellant continued to make a few pumps and hydrants that were formerly made by the National Foundry & Machine Company, appellant's business was but an expansion of the business theretofore conducted. With this view of the question we are unable to agree. The law looks to the substance and not to the shadow, and since the manufacture of the pumps and hydrants formed but an insignificant portion of appellant's business, we are not disposed to hold that a mere trifle should have a controlling influence on the question. As a matter of fact the National Foundry & Machine Company was engaged principally in the structural iron business. Its plant was not acquired for the purpose of continuing its business, but as a mere site for the business which appellant proposed to establish. The appellant company was organized for the real purpose of manufacturing ice and refrigerating machinery. With this end in view it purchased from the receiver of the Huettemer-Cramer Company not only a portion of the latter company's machinery, but all its patterns, drawings, patents and ice machine business. It also purchased the property of the National Foundry & Machine Company and other sites on which to locate the different portions of its plant. It then erected numerous buildings and installed new machinery for the purpose of carrying on its business of manufacturing ice and refrigerating machinery. The National Foundry and Machine Company had not been engaged in that business even in a modified or limited form. The difference between its business and that of appellant was so radical and pronounced as to make the difference one of kind and not merely of degree. We therefore conclude that appellant's business, viewed from the standpoint of its essential characteristics, was in fact a new business, and that being true it follows that appellant brought to, and established in, the city of Louisville a new manufacturing enterprise which is en-

titled to exemption from taxation for the years in question.

Judgment reversed and cause remanded for proceedings consistent with this opinion.