## Bristow, Assessor, etc. v. Wood-Mosaic Company.

(Decided November 14, 1924.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1.  Municipal Corporations—Ordinance Exempting New Manufacturing Plants Applies Regardless of Motive in Locating in City, and Though Location was Not in City until Later Annexed.— Louisville ordinance, exempting from taxes for five years new manufacturing plants permanently located and conducted within city, applies irrespective of motive in so locating, and extends

for five years after location and commencement of business, though at point outside of city limits, which is later annexed.

2. Municipal Corporations—Plants for Manufacturing Veneers and Cores, Established by Owners of Old Saw Mill, Held "New Plants," within Tax Exemption.—Plants, established by owners of old sawmill for manufacturing veneers and cores which are finished products in making furniture, held "new plants," within ordinance exempting new manufacturing plants from taxation for five years after "commencement of the business."

JOS. E. CONKLING and RICHARD PRIEST DIETZMAN for appellants.

H. H. NETTLEROTH, BARRETT & NETTLEROTH and GARNETT & VANWINKLE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In 1918, the city of Louisville adopted an ordinance proposing to annex Highland park and other adjacent territory. Due to protests and resultant litigation, the proposed annexation was not effected until 1922. In the meantime, appellee purchased 36 acres of land in Highland park, just across the street or road from its long-time established sawmill plant, and constructed thereon two new manufacturing plants which it completed and began to operate in 1920.

By this action it claims, and the lower court adjudged, that the new plants were exempt from city taxes for the first five years of their operation, and this appeal from that judgment is prosecuted by the proper city officials.

Two questions are presented for decision: (1) Does the city ordinance granting such exemptions apply to manufacturing plants located in territory adjacent to the city which is annexed during the exemption period, and (2) are these plants new manufacturing establishments or simply enlargements of an established business?

The ordinance in question was adopted in 1918, and so much thereof as we deem essential to a decision of the above questions reads:

"Be it ordained by the General Council of the city of Louisville:

"1. That in order to induce the location of more manufacturing establishments within the city limits, any such establishments, owned and operated by any

person, firm or corporation, which shall have been, after the passage of this act authorizing this ordinance, permanently located and conducted within the limits of the city of Louisville, shall be and the same is hereby exempted for a period of five years after such location and the commencement of the business of manufacturing thereat from all taxation whatever by the city of Louisville, on all property, real or personal, tangible or intangible, owned, employed, and used by such persons, firm or corporation in conducting the business of such manufacturing establishments, and which would otherwise be subject to city taxation.''

It will be noticed that the purpose of the ordinance is stated to be ''to induce the location of more manufacturing establishments within the city limits,'' and that the exemption from city taxes is extended to ''any such establishments . . . which shall have been . . . permanently located and operated within the city limits,'' without reference to how, when, or by whom it is so located, after the adoption of the act, but only for a period of five years after ''the commencement of the business of manufacturing.''

These provisions of the ordinance have been before this court for construction many times, always heretofore, however, with reference to our second question, but that fact does not affect the validity of the decision of any question as to the purpose or meaning of the ordinance, but only the applicability of such decision and the language employed to our first question now presented for the first time.

1.   Upon that question the city's contention is, that since appellee located its plant outside the city limits and same was located therein by the city's action in annexing the territory, appellee not only was not induced to locate its new plant in the city by ordinance but same was involuntarily located therein by the action of the city, and that as a consequence it is not within either the terms or the purpose of the statute.

This court, however, in Kentucky Electric Co. v. Buechel, 146 Ky. 660, 143 S. W. 58, expressly held that it was wholly immaterial to the right of tax exemption granted by the ordinance whether or not the owner was actuated by the ordinance in locating his business in the

city.   The city there contended that the new establishment located within the city being a public service corporation, was necessarily located there, and therefore its location in the city of Louisville was not induced by reason of this ordinance exempting new manufacturing concerns from a tax for five years.

In disposing of this contention, the court said:

"Neither the Constitution nor the statute nor the ordinance provides that the manufacturing plant must locate there because of the inducement.   The city offers the inducement, and if a manufacturing concern locates there and complies with the requirements of the ordinance as to notice, etc., it is, as a matter of law, entitled to the exemption.   The question as to whether or not it was actuated in locating there by reason of the passage of the ordinance does not enter into the consideration at all.   The ordinance is for the benefit of any manufacturing concern that may locate there and conform to its requirements.   While the proof in this case shows this company did locate its factory within the city limits because it believed it would be granted the benefit of this ordinance, still, in the absence of such proof we would hold that, when it is established that it is a new manufacturing concern and that it has located in the city of Louisville since the passage of the ordinance, and has complied with the requirements of the ordinance as to notice, etc., it is entitled as a matter of law to the benefits of the provisions of that ordinance.   Under the Constitution all laws must be general in their application.   Section one of the ordinance in question provides that any manufacturing establishment which shall have been permanently located and conducted within the limits of the city of Louisville, shall be exempt from taxation for a period of five years.   The invitation extended by the city was to all or any manufacturing concerns that would locate within its limits and conform to the requirements of the ordinance.   With the character of business done by the company the city was not concerned.   Its sole object was to induce business enterprises to locate there, and it therefore held out the broad invitation to all, and, under that invitation, any who respond to the call are entitled to

the benefits of the ordinance. True, the ordinance was passed for the purpose of inducing manufacturing concerns to locate there, but when such concerns have located there the reason for their having done so is not open to inquiry. Whether the benefits which would accrue to them by reason of this ordinance induced them to locate there or not is wholly immaterial, the only inquiry, where this question is raised, being, is a manufacturing concern new to the city of Louisville, has it located there since the passage of the ordinance, and has it complied with the provisions of the ordinance as to notice, etc. If these questions are answered in the affirmative, it is entitled to the exemption.''

Having thus construed not only the ordinance but the statutory and constitutional provisions authorizing its adoption, to mean that when the city offered the exemption, although it was offered by the city as an inducement for the location of new factories in the city, it must nevertheless apply, uniformly and alike, to all such plants as were actually located within the city.

It is clear that that decision is as applicable here as there, and, unless overruled, answers conclusively our first question in the affirmative and against the contention of appellants.

It is likewise clear that that decision is sound, since if the tax exemption were held to depend upon the motive of the owner in locating his property where it might come within the taxing authority of the municipality rather than the fact of its location therein, its liability for taxation would depend upon the will of the owner rather than the exercise by the city of its power to tax.

It follows that when a manufacturing plant shall have been permanently located and conducted within the limits of the city, no matter how or why, it is entitled to exemption from municipal taxes for five years next after its location and commencement of business at the point where it was permanently located, whether at the time of its location it was located within or without the then city limits.

As appellee's plants were located in territory annexed to the city within five years after such location, it was, by the terms of the ordinance, entitled to exemption from all municipal tax for five years after it com-

menced to do business at such place, and not for five years after such place was annexed. As it commenced to do business in 1920, its right of exemption must be calculated from that date, and it is wholly immaterial that for the first two years thereafter it was also exempt from such taxation by reason of the fact that during that time it was not within the corporate limits.

It follows, as the chancellor adjudged, that appellee was entitled to the exemption for the last three years of the five year exemption period rather than for all of that period, as would have been the case if the factory had been located in the first place in the city instead of immediately adjacent thereto, if it was in fact a new enterprise.

2. It is well settled, as counsel agree, that appellee is not entitled to the exemption upon these new plants if they are but enlargements of its former business, but is entitled thereto if they are new manufacturing establishments. Upon this question of fact the evidence is all one way, and fully supports the chancellor's finding that they are the latter.

The formerly established business of appellee was the operation of an ordinary sawmill. In its new plants it manufactures veneers and cores, which are finished products or units used in the making of furniture. The new plants do not make, out of different materials or by new processes, anything appellee ever made before. On the contrary, they are complete innovations, differing in every essential feature from appellee's old business. New property was acquired upon which to install new machinery wholly different in character, purpose and kind from anything theretofore owned or operated by appellee, to produce finished articles of commerce it had never made or handled. The only common factors in the old and new enterprises are ownership and general supervision, which obviously are not material.

The facts therefore easily distinguish this case from Mengel Box Co. v. Sea, 167 Ky. 193, 180 S. W. 347, and like cases relied upon by appellants.

Judgment affirmed.