## City of Louisville v. New York Baking Co.

### (Decided January 28, 1913.)

### Appeal from Jefferson Circuit Court.
### (Chancery Branch, Second Division.)

Taxation—When Enlarging Existing Business is not New Business Within Meaning of Ordinance Exemption from Taxation.—When an existing business is enlarged, transferred to a new plant, and put in the name of a corporation, it is not a new business in the city, within the meaning of the ordinance exempting from taxation for five years new manufacturing establishments to induce their location in the city.

JOSEPH S. LAWTON, CLAYTON B. BLAKEY, for appellant.

EDW. G. KLEMM, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

The City of Louisville instituted this action against the New York Baking Company to recover taxes on its property for the year 1911. The Baking Company pleaded that it was a new manufacturing concern and exempt from taxation for five years after its location and commencement of business in the city. Section 170 of the Constitution provides:

"The general assembly may authorize any incorporated city or town to exempt manufacturing establishments from municipal taxation for a period of not exceeding five years, as an inducement to their location."

Pursuant to the Constitutional provision the act governing cities of the first class provides:

"That the general council shall have power by ordinance to exempt from municipal taxation, for a period of not exceeding five years, manufacturing establishments, as an inducement to their location within the city limits." (Section 2980a)

The city ordinance passed pursuant to the statute is as follows:

"Whereas, The City of Louisville has the power under the law to exempt from municipal taxation, for a period of five years as an inducement to location, manufacturing establishments; and,

"Whereas it is deemed the wisest policy to thus foster the manufacturing interest of the City by exercising this power to induce the location of new manufacturing enterprises in the city, and to induce the owners of others located in the territory sought to be annexed to the city to abandon opposition to annexation, thereby voluntarily locating their establishments within the city; therefore,

"Be it ordained by the general council of the city of Louisville:

"1. That in order to induce the location of more manufacturing establishments within the city limits, any such establishments, owned and operated by any person, firm or corporation, which shall have been, after the passage of the act authorizing this ordinance permanently located and conducted within the limits of the City of Louisville, shall be and the same is hereby exempted for a period of five years after such location and the commencement of the business of manufacturing thereat from all taxation whatever by the City of Louisville, on all property, real or personal, tangible or intangible, owned, employed and used by such person, firm or cor-

poration in conducting the business of such manufacturing establishments, and which would otherwise be subjected to city taxation.''

The facts of the case as shown by the evidence are in substance these: Engelbert Hellmueller for a number of years conducted a bakery on Second street under the name of the New York Bakery, doing mostly a retail business, and using five wagons and ten horses to distribute his goods. The business was a prosperous one and was well managed by Hellmueller. Some of his friends and acquaintances induced by the fact that he was a successful, practical baker, proposed to him to form a corporation and carry on a larger business. After some discussion he bought a large lot on Pearl street; soon afterwards they formed a corporation known as the New York Baking Company and he transferred the real estate to it. He owns a majority of the common stock of the New York Baking Company, and is its President, Treasurer and General Manager. They erected on the lot a large brick building, two stories high with a basement. He owned the house on Second street where he had been doing business. He rented this to a man by the name of Koontz, who had been doing business next door under the name of The Delicatessen, and he sold to Koontz the fixtures in the storeroom and some other things amounting to $500.00. The wagons and teams which he had and the other movable property he transferred to the New York Baking Company amounting to $5,500. They put into the new concern in all about $60,000, the company being incorporated originally for $30,000, and additional capital being put into it as it was needed. It began business in August, 1910. On September, 1, 1910, it had 18 horses and nine wagons, including the horses and wagons which had been taken over from the New York Bakery. The New York Baking Company did only a wholesale business, and in the trade to Koontz who did no baking it was stipulated that he was to buy his goods from the New York Baking Company. The wagons of the New York Bakery with that sign on them, were used by the New York Baking Company. The ovens which were used on Second street were built in the house and could not be moved and it was stipulated in the trade with Koontz, that if he at a future time used the ovens he was to pay an additional rent. Hellmueller continued in the business on Second street until they started up the new business on Pearl street. The

New York Baking Company is the largest pie baking concern in this section of the country, and in the manufacture of bread it ranks third in the city of Louisville. No other manufacturing establishment had been theretofore located upon the land now occupied by it. Its buildings are new and its machinery and equipment are new. It employs a large number of men who did not have employment in the establishment on Second street. All the business done by the bakery on Second street was done in Louisville; about two per cent of the business done by the bakery on Pearl street is now done outside of Louisville, that is, about two per cent of its product is sold outside of the city. This is the estimate given by the secretary of the company, but the facts he states would indicate that two per cent is rather a large estimate. On these facts the circuit court held that the business on Pearl street was a new business and exempt from taxation; but he declined to exempt from taxation the wagons and teams used in delivering the goods, and the stables where they were kept. From this judgment the city appeals and the defendant prosecutes a cross appeal. Other questions are made in the record but we deem it unnecessary to consider any other question than that indicated.

It will be observed that the Constitutional provision authorizes the exemption of manufacturing establishments from municipal taxation for a period not exceeding five years as an inducement to their location, and the statute follows practically the language of the Constitution. The preamble to the ordinance of the City recites that the City has power to give this exemption to manufacturing establishments "as an inducement to location; and that it is deemed the wisest policy to foster the interest of the City by the exercise of this power" to induce the location of new manufacturing enterprises in the City. Then follows the body of the ordinance by which it is ordained that in order to induce the location of more manufacturing establishments within the city limits, such establishments permanently located and conducted within the city limits shall be exempt from taxation for a period of five years after such location and the commencement of the business of manufacturing thereat. The plain purpose of the Constitutional provision as well as the statute and the ordinance is to induce the location of new manufacturing enterprises in the city. Neither contemplates the exemption from taxa-

tion of manufacturing establishments already located in the city which may be enlarged. The Constitution requires that all property within the limits of the taxing district shall be subject to taxation except such as may be exempt pursuant to its provisions. All exemptions from taxation are to be strictly construed, and we have steadily held that the mere expansion of an existing business or the addition of new capital, or its passing into the hands of a new corporation, will not warrant its exemption from taxation. In Jones v. City of Louisville 142, Ky. 759, three corporations which were each conducting a manufacturing business in Louisville, were consolidated; new money was put in and additions were made to the business. Refusing to allow the exemption from taxation, the court said:

"The evidence shows beyond doubt that the appellant has not brought to Louisville a new manufacturing establishment, but that it has merely consolidated three other corporations, at least two of which were going concerns at the time of the consolidation. Appellant now conducts with a larger plant and greater capital the business of manufacturing all the products that were formerly manufactured by the other concerns, with the addition only of the manufacture of preserves, which connot change its status."

In L. & N. R. R. Co. v. Louisville, 143 Ky., 258, the railroad company had for years maintained its shops at Tenth and Maple streets in Louisville, where it employed about 1400 men. It bought 131 acres of land further out from the center of the city, spent over two million dollars in erecting its shops there, put in new machinery, and employed from 2000 to 3000 men in the shops which were all new; but it was held that this was merely the change of a manufacturing establishment from one point in the city to another and its enlargement. The court said:

"The result of this case is that the City of Louisville has not acquired any new business in the sense of the exempting ordinance; it has merely the exchange or substitution of a new and enlarged shop for an old shop. The statute evidently contemplates the bringing to the city of Louisville, a business that had not theretofore existed there * * * * a 'new enterprise,' a 'new manufacturing establishment,' to use the language of the opinion in the Tobacco Company's case."

In Victor Cotton Oil Co. v. Louisville, 149 Ky., 149, a corporation ceased to do business. A new corporation was formed and a considerable amount of new capital was added, by means of which the plant was much improved, and a working capital provided. It was held that a manufacturing establishment had not been induced to locate in Louisville. The court said:

"It was not contemplated by either the Constitution, the Statute, or the ordinance that manufacturing establishments, already established in the city, shall be exempt from taxation for five years when they change hands. The ordinance contemplates the exemption of new manufacturing enterprises, and the immunity from taxation is allowed to induce their location in the city. It does not include manufacturing establishments already in the city, although for any reason not in operation. Exemptions from taxation are strictly construed. They are never construed as including things, not fairly within the meaning of the words read as they are written."

We do not see that this case can be distinguished from those cited. The fact that the manufactory was changed to Pearl street, and that new capital was added and a corporation formed is not sufficient to show that a new manufacturing establishment was located in Louisville. It is true the new business differs from the old in that the New York Baking Company does alone a wholesale business. But some wholesale business was done at the old stand. The enlargement of the business is not as great in this case as in the case of L. & N. R. R. Co. v. Louisville. The common stock alone has voting power, and as Hellmueller who controls a majority of the common stock, can control the new company, he has simply moved his business from one point in the city to another, has changed the name in which it was done, and has now other persons interested in the venture. But these things simply show an enlargement of an old business, not the establishment of a new manufacturing concern. To bring itself within the Constitutional provision and the ordinance, a concern must show that a new manufacturing business has been established in the city, not that an old business has been enlarged and improved or modified in some particulars. To be exempt for five years after its location in the city, it must be a new business.

Judgment reversed and cause remanded for a judgment as above indicated.