18204

The CHRONICLE PUBLISHERS, INC., Respondent, v.
SOUTH CAROLINA TAX COMMISSION, Appellant
(136 S. E. (2d) 261)

*Messrs. Daniel R. McLeod, Attorney General,* and *James M. Windham, Assistant Attorney General,* of Columbia, *for Appellant,*

*Messrs. Murchison, West & Marshall,* of Camden, *for Respondent,*

April 29, 1964.

BRAILSFORD, Justice.

This is an appeal by the South Carolina Tax Commission from a judgment in favor of The Chronicle Publishers, Inc., for a sum assessed against it as additional income tax and paid under protest. The sole issue is whether the taxpayer has "established a new business or industry in this State," within the meaning of Section 65-259(12), which we quote.

"With respect only to taxpayers who have established a new business or industry in this State during the calendar year 1955 and thereafter, * * *, there shall be allowed as a deduction from gross income a net operating loss carry-over under the following rules:

"(a) The net operating loss as herein defined for any year ending on or after December 31, 1955, may be carried forward to the next succeeding taxable year and annually thereafter for a total period of three years next succeeding the year of such operating loss, or until such net operating loss has been exhausted or absorbed by the taxable income of a succeeding year. The net operating loss deduction herein allowed shall be allowable only for the first three years of the operation of such new business or industry in this State."

Prior to March 3, 1956, a corporation known as The Camden Chronicle, Inc., published a newspaper in Camden, South Carolina, and engaged in a printing business. On that date this corporation sold all of its assets to the plaintiff corporation, which had been chartered by the Secretary of State on March 1. The plaintiff corporation converted the newspaper from a bi-weekly to a tri-weekly and continued to publish it. It bought and installed about $50,-000.00 worth of new equipment and enlarged the printing business. There was no identity of officers, directors or stockholders between the two corporations. The key personnel from the newspaper left their employment and established a rival newspaper. So far as the record discloses there was no hiatus in the publication of the newspaper or in the operation of the printing business when the ownership and management changed hands.

The court below found that the legislative intent was to benefit "a taxpayer who has invested in a business different from that which he has previously been engaged." It being admitted that plaintiff was a new corporation and that the venture was new to its stockholders, the application of this criterion naturally resulted in exemption. But this is not the language of the statute, which must be given its plain, ordinary meaning and construed strictly against the claimed exemption. *Arkwright Mills v. Murph,* 219 S. C. 438, 65 S. E. (2d) 665; 17 West's S. C. Digest, Taxation, 204 (2).

According to the terms of the statute, the deduction is allowed only in favor of a taxpayer who has "established a new business or industry in this State." Plaintiff simply is not in this situation. Instead, it is a new corporation which has acquired and improved established businesses. These businesses were establishments when the statute was enacted and they continued as such after the change in ownership. Compare *Arkwright Mills v. Murph,* 219 S. C. 438, 65 S. E. (2d) 665, *supra,* and *Duke Power Co. v. Bell,* 156 S. C. 299, 152 S. E. 865, which involved

statutes extending property tax exemption to new manufacturing enterprises. These statutes were held to be applicable to new plants established by pre-existing, industrial corporations. See also *City of Louisville v. New York Baking Co.,* 151 Ky. 758, 152 S. W. 980, and *Morris v. Riley,* 135 Miss. 1, 99 So. 466. We quote from the latter:

"When the new plant is rebuilt it is true it will be owned by appellant, and not by Morris Ice [Cream] Company; still it will simply be a continuation of the old business under the old name and a new ownership. It will be the old establishment repaired and added to. We hold that this is not the establishment of a new enterprise in the meaning of the statute. * * * There has been no cessation in the business. The establishment has never ceased to be an establishment as shown by the agreed facts." *Morris v. Riley,* 135 Miss. 1, 99 So. 466, 468.

Reversed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.