21123

OWEN INDUSTRIAL PRODUCTS, INC., Respondent-Appellant, v. Marjorie H. SHARPE, Treasurer of Lexington County, Appellant-Respondent.

(262 S. E. (2d) 33)

*Atty. Gen., Daniel R .McLeod, Deputy Atty. Gen., Joe L. Allen,* and *Senior Asst. Atty. Gen., G. Lewis Argoe, Jr.,* Columbia, and *T. H. Rawl, Jr.,* of *Rawl, Purcell & Harmon,* Lexington, *for appellant-respondent.*

*George S. King, Jr.,* of *Boyd, Knowlton, Tate & Finlay,* Columbia, *for respondent-appellant.*

January 16, 1980.

LITTLEJOHN, Justice:

This appeal concerns twenty-one separate actions for the refund of property taxes paid under protest by various industrial enterprises located in Lexington County. The actions were consolidated by order of the court and bear the above caption by stipulation of the parties. This action is treated as though it were a refund claim for the tax years 1972 through 1976 for all actions.

The taxpayers seek to recover taxes paid under protest, as permitted by statute, on property claimed to be exempt from taxation by Act 1095, *Acts and Joint Resolutions of South Carolina* (1966). The General Assembly therein pro-

vided an exemption from certain property taxes for new industrial enterprises locating in Lexington County and for certain additions to existing industrial enterprises situate in Lexington County. The Act reads in pertinent part:

"All new industrial enterprises [which qualify] . . . shall be entitled to a period of exemption from payment of all county taxes, except for school purposes."

The taxpayers met the conditions of the Act and were granted the exemption for those taxes the parties agreed to be "County Taxes." The exemption was not granted for taxes levied for: (1) the retirement of bonds of the Lexington County Hospital (Hospital Bond Tax); (2) the operation of the Lexington County Hospital (Hospital Operating Tax), and (3) the operation of the Lexington County Fire Protection System (Fire District Tax).

A special referee heard evidence in the matter and recommended that each of the questioned taxes be treated as a county tax for purposes of the exemption. In ruling upon the exceptions to the special referee's report, the circuit judge concluded that the Hospital Bond Tax and the Fire District Tax were county taxes, while the Hospital Operating Tax was not. Both the Taxpayers and the County have appealed.

When the matter came for argument before this court, the County conceded that under the authority of *West Virginia Pulp and Paper Co. v. Riddock,* 225 S. C. 283, 82 S. E. (2d) 189 (1954), the Hospital Bond Tax was indeed a county tax and thus within the exemption. As to the two remaining issues, we reverse the circuit court as to each and find that the Hospital Operating Tax is a county tax, while the Fire District Tax is not such within the meaning of the statute.

The sole issue before this court is whether the questioned taxes are county taxes within the meaning of the exemption statute. As a general rule, the language of a tax exemption statute must be given its plain, ordinary meaning and must be construed strictly against the claimed exemption. *Chronicle Publishers, Inc. v. South Carolina Tax*

*Commission,* 244 S. C. 192, 136 S. E. (2d) 261 (1964). Since these types of taxes have not been before this court previously, we must determine their status from the plain meaning of the exemption statute.

The Taxpayers contend that the taxes are county taxes because the County levies and collects them. The County asserts that the determinant factors include not only the taxing body, but also the geographical area of the tax and the purpose of the tax. We agree with the County that the levying authority is not determinative.

A review of numerous legislative acts indicate that the creation of the Lexington County Hospital was approved by a county-wide referendum in 1966. The following year the General Assembly enacted a bill creating a Board of Trustees to construct, maintain and operate the hosptal. In 1971, the General Assembly approved a bill providing for the levying of taxes to operate and maintain it The proceedure outlined in the statutes is for the Board of Trustees to determine the millage required and submit it to the Lexington County Council for approval. The approved Hospital Operating Tax is then levied and collected by the County.

The County contends that its approval of the levy is only a ministerial function and that the levy is not a county tax, since the hospital is an autonomous body. We disagree. While the operation and maintenance of the hospital is entrusted to the Hospital Board of Trustees, the tax is levied by the County. Furthermore, the tax is levied on a countywide basis and is used for a proper county purpose. It would seem contradictory in this situation for the County to concede that a tax to retire bonds for the construction of the hospital is a county tax, while arguing that a tax to operate and maintain the same hospital is not. Both taxes are applied to the same end. Since the Hospital Operating Tax is a county tax for a nonschool purpose, the Taxpayers are exempt from the tax and their payments must be refunded.

The Fire District Tax is levied by the County under an ordinance enacted by the Lexington County Council, pursuant to §§ 4-19-10(m) and 4-19-20, *Code of Laws of South Carolina* (1976). That statute gave counties the authority to provide fire protection services within the unincorporated areas of the counties. The ordinance established the Lexington County Fire Protection Service Area as a taxing district and levied a tax of five (5) mills on property within the district.

■ The Taxpayers argue that the Fire District Tax is a county tax since the County levies and collects the tax. However, this factor alone is not determinant. As the court said in *Bowater Carolina Corp. v. Smith,* 257 S. C. 563, 186 S. E. (2d) 761 (1972):

"The fact that all taxes, whether county or school district, are levied by the County Auditor and collected and disbursed by the county treasurer is of no relevance in determining the present question."

The mere act of administering the tax does not change the status of the tax.

■ The ordinance established the Service Area as a taxing district and specifically included and excluded certain areas of the county. The district pays for the fire protection it receives, while areas not receiving the service are not taxed. The less than countywide scope of the tax removes it from the plain meaning of the exemption statute. The Fire District Tax was properly collected by the County and the Taxpayers are not entitled to a refund.

The order of the circuit court is hereby reversed.

LEWIS, C. J., NESS and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.