21453

JOHN D. HOLLINGSWORTH ON WHEELS, INC., Appellant, v. GREENVILLE COUNTY TREASURER, Mrs. Virginia Whitmire; Greenville County Tax Collector, George F. Miller; Greenville County Auditor, Mary Jane McCarter; Greenville Technical College; Greenville County Library; Greenville-Spartanburg Airport District; Greenville County Museum; Greenville Memorial Auditorium District; Metropolitan Sewer Subdistrict; Greenville Hospital System; and Greenville County Recreation District, Respondents.

(278 S. E. (2d) 340)

*Wesley M. Walker* and *J. Richard Kelly,* both of *Leather-wood, Walker, Todd & Mann,* Greenville, *for appellant.*

*E. P. Riley, Sr.,* of *Riley & Riley, Robert C. Wilson, Jr.,* of *Haynsworth, Perry, Bryant, Marion & Johnstone, B. O. Thomason,* of *Love, Thornton, Arnold & Thomason,* and *Joseph H. Earle, Jr.,* Greenville, *for respondents.*

*Kenneth L. Childs,* Columbia, and *John P. Mann* and *Robert T. Thompson,* both of *Thompson, Mann & Hutson,* of Greenville, *amicus curiae,* for *S. C. Textile Manufacturers Association* and *S. C. Chamber of Commerce.*

May 18, 1981.

Ness, Justice:

This is an action for the refund of property taxes paid under protest by appellant, John D. Hollingsworth on Wheels, Inc., in Greenville County.

Hollingsworth seeks to recover taxes paid under protest for the tax years 1977 and 1978 as follows:

(1) Greenville County Recreation District—6½ mills;

(2) Metropolitan Sewer District—8 mills;

(3) Greenville Memorial Auditorium District—½ mill;

(4) Greenville Hospital System—12 mills;

(5) Greenville County Library—7 mills; and

(6) Greenville County Museum—1½ mills.

Hollingsworth asserts it was exempt from these taxes in 1977 because of the manufacturer's exemption set forth in S. C. Code § 65-1527 (1962) which provided:

"All additions to existing manufacturing establishments located in any of the counties named in this section shall be exempt from all county taxes, except for school purposes, . . ."

The 1978 exemption is set forth in Article X, § 3(g) of the S. C. Constitution which provided:

". . . the exemptions authorized in this item for manufacturing establishments, and additions thereto shall not include exemptions from school taxes or municipal taxes, but shall include only county taxes."

The case was referred to the master-in-equity, who held Hollingsworth was entitled to all the challenged exemptions for the tax years 1977 and 1978. The circuit court reversed holding the millage in the Greenville County Recreational District, Metropolitan Sewer District, Greenville Memorial Auditorium District, and Greenville Hospital System were not "county taxes" within the meaning of the tax exemption provisions. Moreover, the millage for the Greenville County Library and Greenville County Museum, although county taxes, were taxes for school purposes, therefore, not within the exemption provision.

On review, we will make factual findings in accord with our view of the greater weight or preponderance of the evidence when the master and the trial judge have disagreed. *Baker v. Equitable Leasing Corp.*, . . . S. C. . . ., 271 S. E. (2d) 596 (1980). However, we are not required to disregard the findings of the trial court. *Immanuel Baptist Church of North Augusta v. Barnes*, 274 S. C. 125, 264 S. E. (2d) 142 (1980).

The language of a tax exemption statute must be given its plain, ordinary meaning and must be strictly construed against the claimed exemption. *Chronicle Publishers, Inc. v. S. C. Tax Commission*, 244 S. C. 192, 136 S. E. (2d) 261 (1964); *Owen Industrial Products, Inc. v. Sharpe*, 274 S. C. 193, 262 S. E. (2d) 33 (1980).

In *Owen*, we held a taxpayer was entitled to the manufacturer's exemption because the challenged tax was levied by the county on a *county-wide* basis for a *proper county purpose*. Moreover, the mere fact the tax was levied, collected and disbursed by the county was not relevant in determining whether it was a "county tax" within the meaning of the exemption statute.

■ Hollingsworth first asserts the trial court erred in holding the taxes for the Recreational District, Sewer District and Auditorium District were not county taxes.

The taxes collected in these special purpose districts were levied on less than a county-wide basis, therefore, not within the plain meaning of the exemption statute and Hollingsworth is not entitled to a refund. *Owen, supra* at 35.

■ Hollingsworth next asserts the trial court erred in holding the Hospital System's tax was not a county tax. We agree.

The trial court erroneously interpreted *West Virginia Pulp & Paper Company v. Riddock,* 225 S. C. 283, 82 S. E. (2d) 189 (1954) as holding taxes to retire bonds for a county hospital were exempt from the statutory manufacturer's exemption because they were public service district taxes. *Riddock* is distinguishable from the instant case because the exemption statute in *Riddock* specifically excepted public service district taxes from the manufacturer's exemption while the controlling provisions here do not.[1]

Here, the bonds pledged the full faith and credit of Greenville County, the Hospital Systems tax was levied county-wide for a proper county purpose. We hold the Greenville Hospital tax is a "county tax" for a non-school purpose and Hollingsworth is entitled to a refund.

Hollingsworth finally asserts the trial court erred in finding the library and museum taxes, although county taxes, were for school purposes, therefore, not exempt. We agree.

It is unnecessary for the resolution of this appeal to address the distinction between the school purpose exception

---

[1] In *Riddock,* we held, "[i]f the statute had not contained the parenthetical expression '(but not from school taxes or public service district taxes)' it would follow that the exemption should apply to all taxes levied by the County taxing authorities." 283 S. C. at 287, 82 S. E. (2d) 189.

contained in § 65-1527 and the school tax exception in Article X, § 3(g) of the Constitution.

The language excepting taxes for school purposes or school taxes from the manufacturer's exemption must be given its plain ordinary meaning. *Owen, supra.* We have reviewed the record, finding facts in accord with our view of the preponderance of the evidence, and conclude the taxes for the library and museum are not taxes for a school purpose nor school taxes. The library and museum satisfy recreational and social needs as well as educational needs. However, they are not schools and they do not serve a school purpose. We hold in order to qualify for an exception as a school purpose or tax, the entity for which the tax is levied must be predominantly concerned with schooling. This emphasis on schooling is not present here.

The trial court further erred in relying on § 4-9-35 and § 4-9-39 of the S. C. Code (1976), to hold the library tax was a school tax as § 4-9-35 was not in effect during the tax years in question (1977 and 1978). Furthermore, § 4-9-35 merely states the tax will be levied in the same manner as a school tax.

Respondent Greenville Hospital System contends, as an additional sustaining ground, that it was a party to a previous action against Hollingsworth and this action is barred by the doctrine of *res judicata.* The master found and we agree the doctrine does not apply here because the Hospital System was bound by a settlement agreement which terminated the first action but did not affect Hollngsworth's rights to bring tax protest actions for 1977 and 1978. Moreover, Hospital System failed to prove, (1) identity of the parties; (2) identity of the subject matter; and (3) a final judgment in the former suit on the merits. All of which are necessary elements in order to invoke the doctrine of *res judicata.* See: *Wold*

*v. Funderburg,* 250 S. C. 205, 157 S. E. (2d) 180 (1967).

We affirm that part of the order denying Hollingsworth the manufacturer's exemption for the Greenville County Recreation District tax, the Metropolitan Sewer District tax, and the Greenville Memorial Auditorium tax for 1977 and 1978. We reverse that part of the order denying Hollingsworth the manufacturer's exemption for the Greenville Hospital System tax, the Greenville County Library tax and the Greenville County Museum tax for 1977 and 1978.[2]

We remand the case to the trial court with instructions to order tax refunds consistent with this opinion.

Affirmed in part; reversed in part; and remanded.

Lewis, C. J., and Littlejohn, Gregory and Harwell, JJ., concur.

---

[2] Hollingsworth is entitled to a refund of 20½ mills for the tax years 1977 and 1978.