22055

MICHELIN TIRE CORPORATION, Appellant, v. SPARTANBURG COUNTY TREASURER, Oren L. Brady, III, and Spartanburg County Auditor, Dennis Compos, Respondents.

(314 S. E. (2d) 8)

Supreme Court

*J. D. Todd, Jr.*, and *J. Richard Kelly*, of the firm of *Leatherwood, Walker, Todd & Mann*, Greenville, and *Donald B. Wildman* and *R. Ray Dennis*, of the firm of *Johnson, Smith & Hibbard*, Spartanburg, *for appellant.*

*Roy McBee Smith*, Spartanburg County Atty., Spartanburg, *for respondent.*

Heard Feb. 10, 1984.

Decided March 6, 1984.

HARWELL, Justice:

Appellant Michelin Tire initiated this declaratory judgment action to determine its eligibility for an ad valorem property tax exemption. The trial court concluded that appellant did not qualify for the exemption, and we affirm.

Michelin Tire Corporatin completed construction of a plant in Spartanburg County in 1978. The plant was first assessed by the South Carolina Tax Commission for ad valorem taxes for the 1979 tax year. The Commission granted appellant an exemption from the payment of the general county levy and the road improvement bond levy. Appellant asserts that he was entitled to an additional exemption of 16 mills for the North Spartanburg Area Fire and Rescue District. It has paid fire district taxes since 1979 under protest.

Appellant asserts that the trial judge erred in his refusal to apply S. C. Code Ann. § 12-37-225 (1976), 1983 Cum. Supp., as a

legislative definition of county taxes under the S. C. Constitution, Article X, § 3(g). We disagree.

Prior to 1978, the State Constitution authorized the General Assembly to enact special legislation for individual counties providing a manufacturers' exemption from ad valorem taxes. Article X, § 1, 1895 Constitution. The special legislation for Spartanburg County was § 65-1570, 1962 Code. This act was one of the most generous of all such acts in that it granted the exemption for all taxes except school taxes and could be claimed for a five year period. The act specifically defined county taxes to include "the general county levy, library levy, metropolitan sewer district levy, any water district levy, or any other levy."

This legislation was a major reason for Michelin's decision to build a facility in Spartanburg County. Under this statutory and constitutional framework, Michelin would have been exempt from taxation for the fire district.

However, in 1976 the voters of South Carolina approved a new Article X, which became effective on November 30, 1977. New Art. X, § 3(g) provides for an exemption from "county taxes" for qualifying manufacturers but does not define the term. It states that the industries shall not be exempt "from school taxes or municipal taxes but ... only [from] county taxes." The Constitution further provides that manufacturers who had already begun their five year exempt status would not lose their exemption but that "all exemptions not specifically provided for or authorized in this Article shall be repealed March 1, 1978."

The new Article X thus repealed 1962 Code § 65-1570. However, appellant contends that S. C. Code Ann. § 12-37-225 (1976), 1983 Cum. Supp. (effective March 23, 1977) requires the definition of county taxes found in § 65-1570 to continue even though the section was repealed. We disagree.

To hold that the part of § 65-1570 defining county taxes continues would be to allow a special rule for Spartanburg County since the special legislation for other counties was not so broad. New Article X specifically gives the General Assembly the power to "provide for exemptions from the property tax, by *general laws* applicable uniformly to property throughout the State" with the approval of two-thirds of the members of each House. Our Constitution does

not favor special laws where a general law can be made applicable. *See* Article III, § 34; Article VIII, § 7.

The legislative attempt in Code § 12-37-225 to continue the definition of county taxes for Spartanburg County is inconsistent with new Article X, § 3(g) and controverts the constitutional prohibition of special legislation. Since the definition of county taxes found in 1962 Code § 65-1570 does not continue, we must determine whether the fire district tax was a county tax from which the appellant is exempt. In two recent decisions, this Court has defined county taxes to be those levied county-wide for a proper county purpose. *Hollingsworth v. Greenville County Treasurer*, 276 S. C. 314, 278 S. E. (2d) 340 (1981); *Owen Industrial Products, Inc. v. Sharpe*, 274 S. C. 193, 262 S. E. (2d) 33 (1980). In *Owen*, this Court concluded that a fire district tax was not a county tax because the taxing district included only a part of the county. We agree with the trial court that, since the district in the present case comprises less than the area of Spartanburg County and has an independent governing board, its taxes are not county taxes from which appellant is exempt.

Appellant asserts that the home rule amendments to the South Carolina Constitution indicate that special purpose district taxes should be classified as county taxes. It contends that the decision whether an industry pays taxes on a service should not depend on whether the service is rendered by a county or a special purpose district. Yet, the existence of special purpose districts is protected, even under home rule, until they are dissolved by the General Assembly after a favorable referendum. S. C. Code Ann. § 4-9-80 (1976) (1983 Cum. Supp.). Counties cannot abolish the districts. *Berry v. Weeks*, 309 S. E. (2d) 744 (S. C. 1983). The existence of home rule does not require this Court to construe county taxes to include taxes of special purpose districts.

The judgment below is, accordingly,

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.